### MARKS v. GATES et al.

(Circuit Court of Appeals, Ninth Circuit. May 27, 1907.)

No. 1,282.

1. SPECIFIC PERFORMANCE—DEFENSES TO RELIEF—ENFORCEMENT INEQUITABLE.

    A contract may be perfectly legal, and yet a court of equity will not enforce specific performance if it is unreasonable or unconscientious or if its enforcement will work a hardship or injustice to one of the parties, but will leave the parties to their remedies at law.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 152–154.]

2. SAME—CONTRACTS ENFORCEABLE—GROSS INADEQUACY OF CONSIDERATION.

    Defendant, for an expressed consideration of $1, agreed to convey to complainant a one-fifth interest in any and all property which he should acquire either by location, purchase, or otherwise in the territory of Alaska. In his bill, complainant alleged that the real consideration for the agreement was the cancellation of an indebtedness due him from defendant and cash advanced, amounting in all to about $12,000; also that defendant had acquired certain property in Alaska, by location, purchase, and otherwise, exceeding in value $750,000; and prayed for a decree for specific performance. Held that, there being no limit in the contract as to the time or manner of acquisition of the property or as to its character or value, the contract was inequitable and would not be specifically enforced, especially in view of the gross inadequacy of the consideration as disclosed by the bill.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 140–152.]

154 F.—31

Appeal from the District Court of the United States for the Third Division of the District of Alaska.

On April 27, 1903, the appellant and the appellee William C. Gates, entered into an agreement at San Francisco, Cal., as follows:

"This agreement made and entered into this 27th day of April 1903, by and between William C. Gates, of Seattle, state of Washington, the party of the first part, and Isaac L. Marks, of the city and county of San Francisco, state of California, the party of the second part, witnesseth:

"That the said William C. Gates, for and in consideration of one dollar (1) to him in hand paid, the receipt whereof is hereby acknowledged, does hereby agree to and with the said party of the second part that he will convey to said party of the second part a twenty (20) per centum interest in any and all property which said Gates shall acquire, either by location, purchase or otherwise, in the Territory of Alaska.

"In witness whereof the said parties hereto have hereunto set their hands and seals the day and year first above written."

To enforce the specific performance of this contract, the appellant brought a suit alleging that the real consideration of the agreement was the cancellation of a prior indebtedness of $11,225 due to him from Gates, and the payment by the appellant to Gates of the further sum of $1,000 in cash; that in pursuance of said agreement Gates went to Alaska, and thereafter and prior to June 20, 1905, the date of the commencement of the suit, acquired there, by location, purchase, and otherwise, various properties, including certain specified mining claims in the Fairbanks mining district of Alaska, the value of which is more than $750,000. The appellee, Gates, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained on the ground that the contract set forth in the complaint is so unjust and inequitable as not to entitle the appellant to relief.

Miller, West & De Journel, J. C. Campbell, W. H. Metson, F. C. Drew, S. D. Wood, and C. H. Oatman, for appellant.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The enforcement of a contract by a decree for its specific performance rests in the sound discretion of the court—a judicial discretion to be exercised in accordance with established principles of equity. A contract may be valid in law and not subject to cancellation in equity, and yet the terms thereof, the attendant circumstances, and in some cases the subsequent events, may be such as to require the court to deny its specific performance. In Pomeroy, § 400, it is said:

"He who seeks equity must do equity. The doctrine, thus applied, means that the party asking the aid of the court must stand in conscientious relations towards his adversary; that the transaction from which his claim arises must be fair and just, and that the relief itself must not be harsh and oppressive upon the defendant."

Said the court, in King v. Hamilton, 4 Pet. 311–327 (7 L. Ed. 869):

"But this power is to be exercised under the sound judicial discretion of the court with an eye to the substantial justice of the case. When a party comes into a court of chancery seeking equity, he is bound to do justice, and not ask the court to become the instrument of iniquity. When a contract is hard and destitute of all equity, the court will leave parties to their remedy at law, and, if that has been lost by negligence, they must abide by it. It is a settled rule, in a bill for specific performance of a contract, to allow a defendant to show that it is unreasonable or unconscientious."

In Willard v. Tayloe, 8 Wall. 567 (19 L. Ed. 501), Mr. Justice Field said:

"In general it may be said that the specific relief will be granted when it is apparent, from a view of all the circumstances of the particular case, that it will subserve the ends of justice, and that it will be withheld when, from a like view, it appears that it will produce hardship or injustice to either of the parties. It is not sufficient, as shown by the cases cited, to call forth the equitable interposition of the court that the legal obligation under the contract to do the specific thing desired may be perfect. It must also appear that the specific enforcement will work no hardship or injustice, for, if that result would follow, the court will leave the parties to their remedies at law."

In Pope Manufacturing Co. v. Gormully, 144 U. S. 224–236, 12 Sup. Ct. 632, 637, 36 L. Ed. 414, Mr. Justice Brown said:

"To stay the arm of a court of equity from enforcing a contract, it is by no means necessary to prove that it is invalid; from time to time immemorial it has been the recognized duty of such courts to exercise a discretion, to refuse their aid in the enforcement of unconscionable, oppressive, or iniquitous contracts, and to turn the party claiming the benefit of such contract over to a court of law."

The contract in the present case had, at the time when it was made, no reference to any property then owned by the contracting parties, or even to property then in existence. It did not obligate the appellee, Gates, ever to go to Alaska or to acquire property there. It bound him during his lifetime to transfer to the appellant a one-fifth interest in all property of every description that he might acquire in Alaska by whatever means, whether by location, purchase, devise, gift, or inheritance—property of which neither party could know even approximately the value. It was a bargain made in the dark. The complaint is silent as to the means whereby the property therein described was obtained by Gates. It alleges that its value is more than $750,000. For aught that appears in the complaint to the contrary, the appellee, Gates, purchased this property and paid therefor its full value. The appellant, for the payment of $1,000 in cash and the cancellation of a debt of $11,225, which may or may not have been valid or collectible, now comes into a court of equity and asks the court to decree that the appellee, Gates, transfer to him property of the value of more than $150,000. If he now has the right to such relief, it follows that he may hereafter sustain suits to acquire a like interest in all property of every nature and description which Gates may at any time obtain in Alaska, and that such right will end only with the life of Gates. Courts of equity have often decreed specific performance where the consideration was inadequate, and it may be said in general that mere inadequacy of consideration is not of itself ground for withholding specific performance unless it is so gross as to render the contract unconscionable. But where the consideration is so grossly inadequate as it is in the present case, and the contract is made without any knowledge at the time of its making on the part of either of the parties thereto of the nature of the property to be affected thereby, or of its value, no equitable principle is violated if specific performance is denied, and the parties are left to their legal remedies, if any they have. In King v. Hamilton, supra, specific performance of a contract for the sale of a patented grant of land within the

Virginia Military District was denied in a case where the patent speci-
fied, and the parties understood, that the grant contained 1,533⅓ acres,
and it subsequently appeared from a survey that it contained 876 acres
in excess of that quantity. In Day v. Newman, 10 Ves. Jr. 300, Lord
Alvanley refused to enforce the specific performance of an agreement
for the sale for £20,000 of an estate worth only £10,000. There was no
actual fraud in the case, but the inadequacy was so great that the court
would not enforce it. In Earl of Chesterfield v. Jansen, 2 Ves. Sr.
125, Lord Hardwicke declared unconscionable a contract whereby an
expectant heir, in consideration of £5,000, obligated himself to pay £10,-
000 out of his grandmother's estate if he survived her, but was to pay
nothing if she survived him. In Mississippi & Missouri R. R. Co. v.
Cromwell, 91 U. S. 643, 23 L. Ed. 367, Mr. Justice Bradley said:

> "He comes into court with a very bad grace when he asks to use its
> extraordinary power to put him in possession of $30,000 worth of stock
> for which he paid only $50. The court is not bound to shut its eyes to
> the evident character of the transaction. It will never lend its aid to carry
> out an unconscionable bargain, but will leave the party to his remedy at
> law."

The facts presented in the complaint are not such as to entitle the
court to retain the case for the assessment of such damages as the ap-
pellant may have sustained for breach of the contract. A court of
equity will not grant pecuniary compensation in lieu of specific per-
formance unless the case presented is one for equitable interposition
such as would entitle the plaintiff to performance but for intervening
facts, such as the destruction of the property, the conveyance of the
same to an innocent third person, or the refusal of the vendor's wife to
join in a conveyance. Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783;
Matthews v. Matthews, 133 N. Y. 679, 31 N. E. 519; Bourget v. Mon-
roe, 58 Mich. 573, 25 N. W. 514; Eastman v. Reid, 101 Ala. 320, 13
South. 46; Milkman v. Ordway, 106 Mass. 232.

The decree of the court below is affirmed.