## McGOVERN v. UNITED STATES.

(District Court, D. Montana. November 26, 1923, as modified December 18, 1923.)

No. 948.

1. Army and navy ☞51½, New, vol. 12A Key-No. Series—Findings of Bureau of War Risk Insurance competent evidence.

Determinations of the succesive bureaus in charge of the administration of war risk insurance are competent evidence in an action to determine rights under the statute, but are not conclusive.

2. Army and navy ☞51½, New, vol. 12A Key-No. Series—Plaintiff held entitled to compensation under War Risk Insurance Act for total permanent disability.

Evidence *held* to show that the condition of plaintiff was one of total permanent disability, within the meaning of War Risk Insurance Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u) from the time of his discharge.

3. Army and navy ☞51½, New, vol. 12A Key-No. Series—Lapse of time as evidence of permanency of disability.

As permanency of a condition of total disability involves the element of time, its continuance during a considerable period of time is competent and cogent evidence.

4. Army and navy ☞51½, New, vol. 12A Key-No. Series—Possibility of recovery from what is rated as total permanent disability does not change such status for insurance purposes.

That the condition of an insured under War Risk Insurance Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u) which is rated as total per-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

manent disability may improve under certain conditions does not change his status or right to compensation on that rating, so long as such disability continues.

5. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—Soldier is entitled under War Risk Insurance Act, to compensation for any disability not self-inflicted.**
Disabilities which entitle a soldier or navy man to compensation under War Risk Insurance Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u) are not limited to those due to war service, but include any and all so long as not intentionally self-inflicted.

6. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—After right to compensation under War Risk Insurance Act for total permanent disability has accrued, premiums are no longer due.**
After the right to compensation has accrued under War Risk Insurance Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u) for total permanent disability, premiums are no longer due from insured.

7. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—Ten per cent. of recovery under War Risk Insurance Act reasonable attorney's fee.**
Under War Risk Insurance Act, an attorney's fee to the amount of 10 per cent. of recovery is reasonable.

At Law. Action by Herbert McGovern against the United States. Judgment for plaintiff.

L. J. Molumby, Chas. Davidson, J. M. Gault, and W. H. Radermacher, all of Great Falls, Mont., for plaintiff.

John L. Slattery, U. S. Atty., Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., and Lawrence A. Lawlor, of Washington, D. C., for the United States.

BOURQUIN, District Judge. [1] This action is upon an insurance policy issued by defendant to plaintiff pursuant to section 400, Act Oct. 6, 1917, 40 Stat. 409 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u). Plaintiff alleges he is of total permanent disability within said statute. This defendant denies, and pleads lapse of the policy in August, 1919, by reason of nonpayment of premiums. A large part of the evidence consists of reports to the Bureau of War Risk Insurance, and to its successor, the Veterans' Bureau, by defendant's doctors, repeatedly examining plaintiff therefor, and of determinations and action upon them by the bureaus. These bureaus are vested with statutory authority to examine, report, determine, and act in all matters relating to administration of the statute, whether in respect to its compensatory or insurance aspect, and hence all thereof are public, official judgments of a special tribunal, and competent evidence. See Evanston v. Gunn, 99 U. S. 666, 25 L. Ed. 306; McInerney v. U. S., 143 Fed. 736, 74 C. C. A. 655.

That all thereof may have been more in relation to compensation than to insurance is immaterial, for the import of the term "total permanent disability" is like in both aspects. Incidentally, the bureaus' determinations are not final; the statute (section 1, Act May 20, 1918, 40 Stat. 556, Comp. Ct. 1918, Comp. St. Ann. Supp. 1919, § 514kk) providing that, in event of disagreement between the bureau and insured, action like this at bar may be brought. Therein the whole matter is at large and open to contention, the proceeding in no sense a review of the

bureau's judgment. The statute prescribing no procedure, the rule as usual is that the action will be assimilated to like actions, here, against the United States, and so in accordance with the Tucker Act (24 Stat. 505).

Again adverting to the evidence, it is that in 1917 plaintiff enlisted in defendant's navy and the policy issued. In June, 1918, he entered defendant's hospital, was diagnosed as of chronic pulmonary tuberculosis, and in October of that year upon his insistence was discharged "by reason of physical disability incurred in line of duty." Intermittently for the greater part of near three years thereafter he was treated in hospitals and sanitariums of defendant and others, and during this interval and thereafter occurred the examinations, reports, determinations, and actions aforesaid. From these it appears, in the main and with little dissent, that subsequent to the discharge plaintiff has given little evidence of tuberculosis, but has been and is subject to chronic bronchitis, fainting spells, extreme nervousness, hysteria, psychosis maniac depressive, is of constitutional psychopathic inferiority, with superimposed emotional irritability and paranoid trend, is unable to make social adjustment, is disabled to care for self, to follow his vocation of mining engineer, or any other or vocational training, and reasonably likely to be for an indefinite period. The bureaus rated him variously from no disability to temporary total from discharge to May, 1921, and perhaps later, and in March, 1923, the bureau's Board of Appeals rated him of disability "permanent total on and after October 10, 1922." Whether or not this last is or has become final does not appear.

The other evidence is more or less corroborative of the foregoing, and tends to support the contention that at all times subsequent to discharge plaintiff has been and now is totally and permanently disabled. Some of defendant's witnesses, however, are of the view that this condition is not permanent, in the sense that he may never recover from it, that it is largely due to hysteria and anxiety in respect to insurance and otherwise, and that, this action decided, he may recover. To guard against the consequences of excitement, plaintiff was not present at the trial, and his testimony is presented by deposition subsequently taken. Of this, it is fair to observe it indicates average intelligence at least.

[2, 3] What constitutes total permanent disability, within the statutory import of that term, by this court has been indicated in Law's Case, 290 Fed. 975, and therein also the extreme and mistaken interpretation of the Veterans' Bureau. Adhering to the views of that case, it is believed that the facts and circumstances herein establish that plaintiff's case is one of total permanent disability from his discharge thenceforward. This view is fortified by the bureau's judgment. Despite its error of interpretation, practically from the beginning it has rated him of total disability; and as time passed, examinations repeated, and condition unimproved, it at least indicates that its earlier determination of temporariness was mistaken, and must yield to the logic of events and to a judgment that his total disability is permanent. With this, the court agrees. As permanency of any condition (here, total disability)

involves the element of time, the event of its continuance during the passage of time is competent and cogent evidence.

[4] At no time since discharge has plaintiff possessed any substantial earning power, and during all said interval it has been and now is reasonably probable his status will thus long continue and for indefinite time. In other words, at all material time he has been and now is of total permanent disability, within the statute and Law's Case. That he may recover is based on the hypothesis that, once this case ended, his hopes gratified or ended, his disability will likewise be ended; that then his diseased, if not perverted, mentality and will power will be asserted to and will effect a cure, and will restore the ability he now lacks. This consummation may follow, but that it will is fairly disputable and disputed, and is too conjectural to warrant a judgment that in reasonable probability it will. On the contrary, in all the circumstances, the reasonable probability is that it will not, but, if it does, only in some long, indefinite, and incomputable time. Nonetheless is his disabled status "permanent." If he recovers, his disability no longer total and permanent, he will no longer be entitled to insurance payments. That is the statute. Section 402, 40 Stat. 409 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu); section 404, 42 Stat. 155. Nevertheless, until that time arrives, if ever, payments by virtue of the contract or policy are his due. The contingency happened and endures upon which they are to be made. It is immaterial that plaintiff's condition is probably due more to congenital defects and hysteria, incited by weak yielding to desire for insurance payments, than to war service ailments.

[5, 6] The statute is not limited to disabilities due to war service, but includes any and all, so long as not intentionally self-inflicted. It is also immaterial that no premiums were paid after August, 1919. The policy did not lapse, but had matured by reason of prior happening of the event, total permanent disability. Premiums were no longer due.

[7] Plaintiff is entitled to judgment, and it is rendered as prayed. It is determined that 5 per cent. of the recovery is a reasonable fee allowed to plaintiff's attorney, and to be paid to him by plaintiff.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes