## LARSEN v. UNITED STATES.

District Court, D. Arizona. December 14, 1928.

No. 423.

Wm. R. Misbaugh and F. W. Fickett, Jr., both of Tucson, Ariz., for plaintiff.

John B. Wright, U. S. Atty., of Tucson, Ariz., and B. E. Marks, Asst. U. S. Atty., and J. P. Gross, Regional Attorney, Veterans' Bureau, both of Phœnix, Ariz., B. L. Guffy, Special Counsel for Veterans' Bureau, of Washington, D. C., and L. B. Dunn, Special Counsel, for Veterans' Bureau, of Washington, D. C., for the United States.

NETERER, District Judge (after stating the facts as above). ■ There can be no doubt as to the fact that the deceased was totally and permanently disabled on the date of his discharge. This condition matured the policy, and he became entitled to the payment of 240 monthly installments of $57.50 each from the date of discharge.

■ Is the plaintiff estopped by the assertion of the equitable defense by the application of the deceased for reinstatement of $2,000 of the policy and conversion thereof into term insurance, surrendering the $10,000 policy and receiving the reissued policy, and accepting monthly payments under the provisions of the new policy from the date disclosed in the record? Was the whole $10,000 policy satisfied by the acceptance of the new $2,000 policy? This burden is on the defendant to establish by a fair preponderance of the evidence, and this has not been done.

The condition of the deceased was known to the Veterans' Bureau. He was in United States hospitals. All medical diagnoses were in its possession, and all show the deceased's physical condition and that he was not fit for vocational training or for any service; and none show improvement except that of July 24, 1922, which says tuberculosis, pulmonary, chronic, "apparently arrested," but in less than three weeks thereafter deceased was rated temporary, totally disabled. The defendant upon the record must have known deceased's condition. The fact deceased did not know his condition, and relied upon the Bureau in his application for reinstatement and conversion, cannot change the plaintiff's status. The defendant on permanent, total disability was bound to pay by the terms of the policy, the legal obligation having matured. The liability became fixed in the full amount, and acceptance of a part of the due payment, even though it may have been through a reissued policy in lieu of the old, does not change the status nor bar plaintiff's claim to the balance. There was no benefit of right accruing to the plaintiff or damage to the defendant. Brooks v. White, 2 Metc. (Mass.) 283, 37 Am. Dec. 95. The defendant lost nothing, Struck Co. v. Slicer, 23 Ga. App. 52, 97 S. E. 455; Borden & Co. v. Vinegar Co., 7 Ala. App. 335, 62 So. 245; La Moure v. Cuyuna-Mille Lacs Iron Co., 147 Minn. 433, 180 N. W. 540; and the plaintiff gained nothing. See, also, United States v. Skinner & Eddy Corp. (D. C.) 28 F.(2d) 373, 381. The defendant paid only a part of what was due to plaintiff. The plaintiff did not know his legal status and right, and I think upon the record the court must find relied upon the Bureau. There is no suggestion in the record that deceased was consciously unfairly dealt with by the Bureau

or overreached. On the contrary, it shows that deceased was given much consideration. The Bureau has its problems and must administer its trust guardedly and conscientiously. It cannot, nor may the court, distribute largess. The fact is, however, deceased had due $10,000, and the defendant seeks to satisfy it by the payment of $2,000, and in this the plaintiff would be greatly wronged. This court, in United States v. Skinner & Eddy Corp., supra, at page 382 of 28 F.(2d), said: "Blackstone has said: 'There is no wrong without a remedy.' Law or equity must remedy a wrong unfolded before it. Wrong, in truth, sometimes appears in the habiliments of right. The law blossoms upon the soil of wrong; but, if the law is barren, the virtue of equity must unfold into the fruitage of right. This asserted wrong may be within the garb of right, 'so stated in the bond,' but it does not disclose the true intent, and equity must unfold and fix the true status, and place the agreement within the intent and spirit of the parties. * * * The Court should look beyond the strict letter of the correspondence to the intent, in view of the unconscionable result." In the instant case the law is potent. All payments that were made were due to Larsen or his legal representative, and defendant was bound to make them. There was no consideration for the new policy. Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860.

The answer seeks enforcement of the reissued $2,000 converted policy instead of the $10,000, and to prevail the defendant must clearly show that the issuance is free from mistake or illegality, perfectly fair, equal, and just, not only in its terms but in the circumstances, Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 96 F. 135, at page 145; and where it is "unconscientious or unreasonable," Cathcart v. Robinson, 5 Pet. (30 U. S.) 264, 8 L. Ed. 120, or the disproportion so great as to shock the conscience, Marks v. Gates (C. C. A.) 154 F. 481, 14 L. R. A. (N. S.) 317, 12 Ann. Cas. 120, or where the disparity is gross, equity will not enforce relief, Pasco F. L. Co. v. Timmermann, 88 Wash. 112, 152 P. 675. All of the disclosed circumstances show that this claim, as said by the Supreme Court in Piatt's Adm'r v. United States, 89 U. S. (22 Wall.) 496, 22 L. Ed. 858, " * * * is utterly destitute of merit and repugnant to the plainest dictates both of law and justice."

Judgment will be awarded in favor of the plaintiff for the amount due on the policy, less the payments which have been received,

and the remainder to be paid in accordance with the provisions of the policy. The premiums paid by the deceased must be held to have been voluntary payments, and may not be recovered.