## UNITED STATES v. ACKER.

Circuit Court of Appeals, Fifth Circuit.
November 1, 1929.

No. 5595.

C. B. Kennamer, U. S. Atty., and J. S. Franklin, Asst. U. S. Atty., both of Birmingham, Ala., and T. J. Williamson, Atty. for U. S. Veterans' Bureau, of Washington, D. C. (Charles B. Kennamer, U. S. Atty., of Birmingham, Ala., and William Wolff Smith, Gen. Counsel, and James T. Brady and Bayless L. Guffy, Attys., U. S. Veterans' Bureau, all of Washington, D. C., on the brief), for the United States.

Jim C. Smith, of Birmingham, Ala. (Jim C. Smith and London, Yancey & Brower, all of Birmingham, Ala., on the brief), for appellee.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In 1918 appellee enlisted in the Navy of the United States, and there was issued a war risk insurance certificate in the sum of $10,000, which provided that, in the event appellee became totally and permanently disabled while that certificate was in effect, appellant would pay to appellee $57.50 per month so long as such disability continued to be of a total and permanent nature. By this suit

appellee asserted the claim that he became permanently and totally disabled on November 14, 1921, while said certificate was in effect, and was entitled to recover $57.50 per month from that date. The claim asserted was resisted on the grounds, (1) that by the issuance to and acceptance by the appellee of a converted war risk insurance policy in the sum of $10,000, dated July 1, 1926, the appellee became estopped to maintain his asserted claim based on the above-mentioned war risk insurance certificate; and (2) that appellee's disability was not a total one within the meaning of the statute (40 Stat. 409), under which that certificate was issued, and regulations issued pursuant to that statute.

The first mentioned ground of defense was raised by a demurrer to the first count of the complaint as it was amended. The averments of that count show the following: While said certificate was in effect, the appellee, as a result of a described accident on November 14, 1921, became on that date totally and permanently disabled from continuously following any substantially gainful occupation. Long prior to July 1, 1926, appellee made claim through the Bureau of War Risk Insurance for the payment to him of the sum of $57.50 per month because of the total and permanent disability he had sustained as above stated. Such claim was pending before that Bureau, and was being considered by it on July 1, 1926:

"When, as provided by a law of the defendants in that behalf enacted, the plaintiff converted his aforesaid certificate of insurance to another form of insurance which was then being issued by the defendants commonly known as Government Life Insurance, and that since July 1st, 1926, the plaintiff has paid to the defendants as a premium on said Government Life Insurance issued by the defendants to plaintiff the sum of $14.70 per month as a premium thereon; that in said last mentioned policy of insurance, commonly known as Government Life Insurance, the defendants agreed with the plaintiff, as they had already theretofore agreed in the certificate of insurance hereinabove mentioned, that in the event of the total permanent disability of plaintiff no premiums would be exacted of him, and defendants would pay to him so long as such total permanent disability continued the sum of $57.50 per month.

"Plaintiff alleges that it was not necessary for him to have taken out the Government Life Insurance hereinabove mentioned, and says that his original term insurance certificate had long prior to that time matured by reason of the fact that before the time provided by law for him to convert his War Risk Insurance he had suffered the injuries and bruises hereinabove mentioned, and should have been receiving from the defendants the sum of $57.50 per month; that at the time required by law for him to convert said insurance his application for a total and permanent disability rating was then pending before the Bureau of War Risk Insurance, as the defendants well knew, and his right to receive from the defendants the sum of $57.50 per month, as well as the non-payment on his part of the monthly premium of $6.60 per month, had become vested, so that it was neither necessary nor proper that the plaintiff should have converted his said War Risk Insurance in order to be entitled to have and receive of the defendants the sum of $57.50 per month, and the non-payment on his part of the monthly premium of $6.60.

"Plaintiff alleges that since the first day of July, 1926, and since plaintiff has secured from the defendants his Government Life Insurance aforementioned, the defendants, acting through their Bureau of War Risk Insurance, have declined to allow the plaintiff any payment thereunder, and the plaintiff further alleges that there exists at this time, and has existed for some time, a disagreement between the plaintiff and the Bureau of War Risk Insurance of the defendants as to whether or not the plaintiff was and is in right and justice entitled to have and receive of the defendants the sum of $57.50 per month, together with the right on his part not to continue paying any premium on said insurance so long as he is totally and permanently disabled.

"That as hereinabove stated, the plaintiff has paid to the defendants the sum of $6.60 per month from November 14, 1921, to July 1st, 1926, and the sum of $14.70 per month from July 1st, 1926, to the present time, making a total sum of $781.20 which the plaintiff has paid to the defendants for the purpose of paying premiums not due by him on the insurance hereinabove mentioned, when in truth and in fact the defendants should not have received of the plaintiff the said sums of money."

█ It appears from the allegations of the count in question that a total and permanent disability of the appellee occurred on November 14, 1921, while the above mentioned certificate was in effect, that that disability has continued to be total and per-

manent, and that appellee, by reason of such continuing disability, was entitled to $57.50 per month from November 14, 1921. The statute (U. S. Code title 38, § 512 [38 USCA § 512]) which provides that, not later than July 2, 1927, all term yearly renewable insurance held by persons who were in the military service after April 6, 1917, shall be converted, etc., contains the provision: "All yearly renewable term insurance shall cease on July 2, 1927, except when death or total permanent disability shall have occurred before July 2, 1927." We are of opinion that the last-quoted provision discloses a purpose to exclude from the operation of the provision as to converting term yearly renewable insurance such term insurance which was matured by the death or total permanent disability of the insured before July 2, 1927, with the result that a conversion of such matured insurance was not authorized by law. It follows that, the facts being as alleged in the count in question, the insurance evidenced by the above-mentioned certificate remained in effect, not subject to be converted into another form of insurance. The allegations of the count in question showing that the conversion of appellee's insurance was attempted after appellee had formally asserted the claim that his total and permanent disability had occurred, and while that claim was pending and undetermined, there is no basis for a contention that appellant, in attempting to effect a conversion, was influenced to change its position to its detriment by the belief, induced by any conduct of the appellee or any representation made by him, that the facts were such that the insurance evidenced by the certificate mentioned was legally subject to be converted. The allegations of the count in question do not show that the attempt to convert the insurance evidenced by that certificate was made under such circumstances as gave rise to an estoppel upon appellee to enforce his claim under that certificate that he was entitled to what was payable thereunder in the event of his total and permanent disability.

At the beginning of the trial, counsel for the appellee stated that he would elect to try the case on the term insurance contract and not on the converted policy, and counsel for the appellant stated that it would not be disputed that appellee's disability was permanent, but that it would be disputed that his disability was total. There was evidence to the following effect: From the time appellee was injured in a seaplane accident in November, 1921, he was in government hospitals, undergoing treatment, until about March 1, 1925, when he was retired or discharged from the Navy. Soon after getting out of the Navy, appellee undertook to work for an employer for a salary, which was paid. The condition of his health frequently prevented him from doing the work for which he was employed, and after about three months he gave up that employment because the condition of his health prevented his doing the work required. After an interval of about a month, during which he did not work, appellee became associated with a person engaged in the real estate business under an arrangement providing for his receiving a per cent. of what he made. Because of the condition of his health, he was unable to be at the place of business with enough regularity to be satisfactory to the person in charge of the business, and for that reason that association was ended after it had existed for about six or eight months. Afterwards appellee was engaged in the real estate business, his wife furnishing the money put into the business, and the business being conducted by his brother. Because of the condition of his health, appellee was able to do very little work in that business, from which he received a substantial income for several years. The appellee's condition was such that it was possible for him to do some gainful work intermittently, but he could not do so continuously or for any considerable time without seriously impairing his health or aggravating the ailment from which he suffered.

■■ The court's refusal to give a charge requested by appellant "that if you believe all the evidence in this case you must find a verdict in favor of the defendant" was challenged on the ground that the evidence without conflict showed that appellee's disability was not total. For a disability to be total within the meaning of the above referred to provision it is not necessary that the insured's condition be such as to render it impossible for him to engage in any substantially gainful occupation. It is enough that his condition be such as to render him unable, in the exercise of ordinary care and prudence, to engage continuously in any substantially gainful employment. Appellee's disability was not kept from being total by his intermittent business activities, if, without the exercise of ordinary care or prudence, they were engaged in at the risk of substantially aggravating the ailment with which he was afflicted. Metropolitan Life Ins. Co. v. Bovello, 56 App. D. C. 275, 12 F.(2d) 810, 51 A. L. R. 1040; United States v. Sligh (C. C. A.)

31 F.(2d) 735; New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753. As above indicated, a phase of the evidence supported a finding that appellee's disability was total within the meaning of the provision contained in the certificate sued on. This being so, and it not being disputed that appellee's disability was permanent, the refusal to give the charge under consideration was not error.

The record showing no reversible error, the judgment is affirmed.