QUIRK v. UNITED STATES.
No. 5626.

District Court, W. D. Pennsylvania.
Oct. 14, 1930.

John B. Nicklas, Jr., of Pittsburgh, Pa., for plaintiff.

Louis E. Graham, U. S. Atty., and W. J. Aiken, both of Pittsburgh, Pa., for the United States.

McVICAR, District Judge (after stating the facts as above).

The United States is not in the insurance business for profit, but only for the purpose of protection to those who offered themselves voluntarily or involuntarily as sacrifices in its military and naval service. Such contracts should be construed liberally so as to afford the protection intended by the statutes. White v. U. S., 270 U. S. 175, 180, 46 S. Ct. 274, 70 L. Ed. 530; Peart v. Chaze, 13 F.(2d) 908 (D. C. W. D. La.); and Starnes v. U. S., 13 F.(2d) 212 (D. C. E. D. Tex.). Congress evidently intended that such contracts should be so construed, as appears by the amendment to the War Veterans Act of July 3, 1930 (38 USCA § 518), making such contracts incontestable except for certain specific reasons named therein.

Defendant denies plaintiff's right to recover on two grounds: First, that Quirk was not totally and permanently disabled when discharged from the military service; and, second, that having represented in his applications for reinstatement that he was not totally and permanently disabled and having received a $3,000 converted policy, plaintiff is now estopped from making any claim on the $10,000 policy in suit.

What is total and permanent disability within the meaning of the policy in suit? I do not know of any better definition than that contained in Regulation No. 11, under the War Risk Insurance Act, which reads:

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, in articles III (relating to compensation) and article IV (relating to insurance) to be total disability.

" 'Total disability' shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

See, also, Starnes v. U. S., 13 F.(2d) 212 (D. C. E. D. Tex.); U. S. v. Eliasson, 20 F.(2d) 821 (C. C. A. 9th); U. S. v. Cox, 24 F.(2d) 944 (C. C. A. 5th); Jagodnigg v. U. S. 295 F. 916 (D. C. W. D. Mo.) and U. S. v. McGovern, 299 F. 302 (C. C. A. 9th).

Applying the above definition to the facts found in this case, which disclose sickness and disability beginning before discharge and continuing until the death of the insured, which disability permitted the insured to work during a period of little over eight years, 232 days only, thus establishing that the insured was disabled from continuously and substantially following any gainful occupation and therefore was totally and permanently disabled within the meaning of the policy in suit. For decisions sustaining this principle in cases which are analogous in the facts, see Law v. U. S., 290 F. 972 (D. C. Mont.); U. S. v. Cox, 24 F.(2d) 944 (C. C. A. 5th); McGovern v. U. S., 294 F. 108 (D. C. Mont.) and U. S. v. Acker, 35 F.(2d) 646 (C. C. A. 5th).

Is plaintiff estopped from recovering on the policy in suit by reason of the misrepresentations contained in the various applications for reinstatement and by reason of the issuance of the $3,000 converted insurance. In 21 C. J. 1125, it is stated:

"No estoppel arises where the representation or conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake. And while there is authority to the contrary, the weight of authority is that the acts and declarations of a party based upon an innocent mistake as to his legal rights will not estop him to assert the same, especially where every fact known to the party sought to be estopped is equally well known to the party setting up the estoppel."

See, also, Andrews v. U. S., 28 F.(2d) 904 (D. C. Colo.) and Jenkins v. U. S., 22 F.(2d) 568 (D. C. R. I.).

The statements made by Quirk were innocently and mistakenly made. Like every tubercular patient, he no doubt believed his illness was temporary.

Defendant must have relied on the representations made by Quirk. In 21 C. J. 1126, it is stated:

"It is an essential element of equitable estoppel that the person invoking it has been influenced by and has relied on the representation or conduct of the person sought to be estopped."

The defendant in this case did not rely on Quirk's representations, but upon the representations of its own doctors.

638

■ Representations to create an estoppel must be of fact and not of opinion. In 21 C. J. 1142, it is stated:

"Mere expressions of opinion by interested persons cannot, although subsequently shown to be groundless or false, be regarded as misrepresentations for the purpose of creating an estoppel; there must be a material representation of a fact. A fortiori is this so where the representation is known by the party to whom it is made to be nothing more than expression of opinion."

Quirk did not know his physical condition and, if he had known, would not have been able to state what the result would be. What he stated was merely an opinion.

If a representation is relied upon, it must have caused a loss. Larsen v. U. S., 29 F. (2d) 847 (D. C. Ariz.). No loss has been shown in this case.

For a case analogous in its facts on the matter of estoppel, see Dobbie v. U. S., 19 F.(2d) 656 (D. C. S. D. Tex.). In U. S. v. Buzard, 33 F.(2d) 883, 885 (C. C. A. 9th), an analogous case on the facts, in which there was a policy of $10,000, $5,000 of which was reinstated, the court said:

"It is thought to be clear that as to the second $5,000 of the original term insurance there is no ground for the application of the principles of estoppel, waiver, merger, or novation—defenses invoked or suggested by the government. No new contract was entered into respecting or based upon it, it was in nowise superseded, plaintiff got no benefit on account of it, and in respect of it the government lost nothing, and was in no wise prejudiced by what occurred after its termination. If it can be said that plaintiff at any time made representations directly or indirectly relating to it, inconsistent with his contention now that he was totally and permanently disabled on and after June 18, 1918, they may be of probative value on the general issue, and as tending to discredit his testimony, but they do not necessarily conclude the issue; and hence that branch of the case was correctly submitted to the jury. ⁂ ⁂ ⁂

"We are of the opinion that, under the circumstances assumed, and in the absence of actionable fraud or mistake, the contract of converted insurance would become a substitute for, and supersede, the earlier contracts in respect of the $5,000 covered thereby. If it was entered into through fraud or mistake, it may be rescinded or avoided by appropriate proceedings under principles applicable to such cases. ⁂ ⁂ ⁂ By our reference to 'appropriate procedure' to rescind the reinstated and converted insurance contracts for fraud or mistake, we are not to be understood as necessarily holding that a preliminary, plenary suit in equity for that purpose is requisite. Possibly section 274b of the Judicial Code (28 USCA § 398) affords an adequate remedy, provided, of course, the plaintiff by his answer pleads in substance the facts necessary for an independent bill. See Whitney [Co.] v. Johnson (C. C. A.) 14 F.(2d) 24, and Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232."

See U. S. v. Acker, 35 F.(2d) 646 (C. C. A. 5th); Larsen v. U. S., 29 F.(2d) 847 (D. C. Ariz.); Andrews v. U. S., 28 F.(2d) 904 (D. C. Colo.); and U. S. v. Golden, 34 F.(2d) 367, 373 (C. C. A. 10th), which is an analogous case on the facts, and in which the court said:

"It is alleged that this situation presents an estoppel in pais, and an estoppel by contract. There is no active misrepresentation by the assured; no intention to deceive; no reliance by the government, for it knew more of the truth than he did; and no substantial injury. Furthermore, the representation that he was not totally and permanently disabled, implied by his application, was induced by the representations of the government doctors. Certainly one party, whose own agents induced the misstatement, if there was one, cannot claim estoppel against the other, who relied thereon. It is the equivalent to saying that one can work an estoppel out of his own statements."

In Duggan v. U. S., 36 F.(2d) 804 (D. C. Minn.), there was a $10,000 term insurance policy; the policy lapsed for nonpayment of premiums; $3,000 was reinstated and converted. The court held there could not be any recovery for the part reinstated and converted, saying on page 806 of 36 F.(2d):

"The reinstated policy superseded the original insurance contract between the plaintiff and the defendant, and the reinstated policy was in its turn superseded by the converted policy, thus doing away with the original contract, in so far as $3,000 of the amount of that policy is concerned, as long as the new contract stands. Stevens v. U. S. (C. C. A.) 29 F.(2d) 904, and U. S. v. Buzard (C. C. A.) 33 F.(2d) 883."

That the plaintiff could recover as to the balance, saying:

"The foregoing considerations do not apply to the $7,000 balance on the original poli-

cy, which was not reinstated. The government was not misled or in any wise prejudiced in regard to that part of the case, and the plaintiff is entitled, under the facts as here found, to recover, on that part of his claim. U. S. v. Buzard, supra."

The burden of proof rested on the government to establish the defense of estoppel averred. This it failed to do as to the $7,000 not reinstated or converted. As to the $3,000 reinstated and converted it has established a defense thereto. This contract is outstanding and recognized as valid by the parties in this action. There has been no attempt to rescind this policy on the ground of mutual mistake. There has been no surrender or offer of surrender, which is essential to recovery on the original policy under the Act of July 3, 1930, amending section 307 of the World War Veterans' Act of 1924 (38 USCA § 518).

For the reasons given plaintiff is entitled to judgment in the sum of $7,000.