## VICCIONI v. UNITED STATES.

### No. 2715.

District Court, D. Rhode Island.
July 9, 1936.

James B. Littlefield, of Providence, R. I., for plaintiff.

J. Howard McGrath, U. S. Atty., of Providence, R. I., and Timothy A. Curtin and William J. Hession, both of Boston, Mass., for defendant.

MAHONEY, District Judge.

This is an action in which the plaintiff, by Spencer H. Over as guardian of his property and estate and as his next friend, seeks to recover judgment for total permanent disability payments under a war risk insurance policy.

The petition alleges that the plaintiff enlisted in the Army of the United States on June 14, 1917; that he was honorably discharged on a surgeon's certificate of disability on October 16, 1919; and that there was issued to him prior to October 16, 1919, during his service a contract of war risk insurance in the amount of $10,-000 providing for the payment of $10,000 to his beneficiary in case of his death, or $57.50 each month to said plaintiff in case of his permanent and total disability.

It further alleges that the defendant deducted and retained from plaintiff's pay each month $7 as a premium on said insurance and said insurance was in full force by reason of said payment at the time of said discharge; that said policy during the service of said plaintiff in the Army and prior to October 16, 1919, matured by reason of his permanent and total "disability" as he was then suffering from the following disabilities which rendered it and have ever since rendered it impossible for him to follow continuously any substantially gainful occupation, which disabilities were and are founded upon conditions which rendered and render it reasonably certain that they would and will continue throughout his life, "Gastritis chronic acute catarrhal, acute bronchitis, tonsilitis chronic, ulcers of stomach, appendicitis chronic, enteroptosis left, chronic, pulmonary tuberculosis, neurasthenia, psychoneurosis severe, industrial and social incapacity, incompetency and other disabilities," and that said defendant has disagreed with said plaintiff as to his claim which had been presented under said contract of insurance, said claim having been denied by the United States Veterans' Administration on behalf of said defendant on or about October 14, 1931, as is provided in section 19 of the World War Veterans' Act, as amended July 30, 1930 (38 U.S.C.A. § 445). Action was commenced by the filing of the petition September 26, 1934.

Previous to the trial, the defendant had moved that the action be dismissed on the ground that the suit was barred by the limitations contained in section 19, World War Veterans' Act, as amended (section 445, title 38, U.S.C.A.). This motion had been denied ([D.C.] 14 F. Supp. 95) and the case proceeded to trial without a jury, jury trial having been waived.

Before the submission of evidence, the plaintiff moved to amend his petition by adding the word "insanity" to paragraph 4. This was agreed to by the defendant and the motion was granted.

There are several grounds alleged in the petition as causes of the alleged total permanent disability of the plaintiff, but the grounds "pulmonary tuberculosis, incompetency and insanity" are the ones chiefly relied upon.

It was proved at the trial that the claim of the plaintiff had been presented to and was disapproved by the United States Veterans' Administration on October 8, 1931, and notice of said disapproval was sent to the plaintiff on October 14, 1931. The statutory requirement as to an existing disagreement between the plaintiff and the Veterans' Administration was thus complied with (38 U.S.C.A. § 445).

After the testimony of both parties had been concluded, the defendant moved

for judgment on three grounds. The second and third grounds have been waived and the first ground, "That the plaintiff has not submitted any substantial evidence that the insured was permanently and totally disabled at any time while the policy of insurance was in force," remains for consideration.

The allegation in the petition "that said policy during the service of said plaintiff in the army and prior to October 16, 1919, matured by reason of his permanent and total disability," and an interpretation of the evidence submitted during the trial, requires an examination of the definition of term "permanent and total disability."

In the case entitled United States v. McGill (C.C.A.) 56 F.(2d) 522, 523, the court said:

"This court has had occasion to consider the term 'total disability' in many cases. United States v. Worley, 42 F.(2d) 197; United States v. Phillips, 44 F.(2d) 689; United States v. Vance, 48 F.(2d) 472; McNally v. United States, 52 F.(2d) 440; United States v. McLaughlin, 53 F.(2d) 450, 451; United States v. Hairston, 55 F. (2d) 825; United States v. Perry, 55 F. (2d) 819 (the last two cases being decided January 18, 1932).

"A very recent, and well-considered, case in the Tenth Circuit is Nicolay v. United States, 51 F.(2d) 170, 173. As stated in United States v. Perry, supra: 'The courts have quite generally adopted substantially the definition of the Treasury Department as to the term "total disability," i. e., "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, in Articles III and IV, to be total disability." '

"It is therein further stated that rational interpretation is to be given to the terms used in the Treasury Department definition; that the term 'total disability' as used therein does not mean incapacity to do any work at all. Concerning the words 'impossible' and 'continuously,' Judge Kenyon says: 'The word "impossible" as used in the Treasury definition is not given its literal meaning by the Courts. In Nicolay v. United States (C.C.A.) 51 F. (2d) 170, 173, Judge McDermott says: "Again, the word 'impossible' must be given a rational meaning; it cannot fairly be said that it is 'possible' for an insured to work because, under the stimulus of a strong will power, it is physically possible for him to stick to a task, if the work is done at the risk of substantially aggravating his condition." The word "continuously" in the definition surely does not mean every day or some definite fixed period as a year or a month, but rather means a substantial portion of time, and, if a party can pursue a gainful occupation for a substantial portion of time as compared with the labor and intensity of work of others in similar lines, he is not totally disabled. There is really no such thing as continuous labor. Holidays, sicknesses, recreation periods, week-ends, all are breaks in the continuity of one's occupation, but would not necessarily destroy its continuity.' "

In the case entitled United States v. Spaulding, 293 U.S. 498, 499, 55 S.Ct. 273, 276, 79 L.Ed. 617, it is held that:

"The terms of the contract of insurance are in accordance with section 400, art. IV, Act of October 6, 1917, 40 Stat. 409, and extend only to death and total permanent disability occuring while it is in force whether during or after termination of the service of the insured. The policy does not cover total temporary disability or partial permanent disability, and does not authorize or permit any payment for physical or mental impairment that is less than 'total permanent disability.' Periods of total temporary disability, though likely to recur at intervals, do not constitute the disability covered by the policy, for 'permanent' means that which is continuing as contrasted with that which is 'temporary.' "

■ The burden of proof to establish permanent and total disability while the insurance contract was in effect and at the time it lapsed was upon the plaintiff. United States v. Le Duc (C.C.A.) 48 F. (2d) 789; United States v. McLaughlin (C.C.A.) 53 F.(2d) 450–452; United States v. McGill (C.C.A.) 56 F.(2d) 522.

■ As was stated in United States v. Spaulding, supra, the evidence was not confined to that period, and the plaintiff's "subsequent condition is pertinent to the extent that it tends to show whether he became totally and permanently disabled before the lapse."

■ The finding of a probate court and its adjudication as to the condition and competency of the plaintiff at the time of the appointment of a guardian is not conclusively binding on this court. It is only

to be considered in its connection with other evidence in the case.

The burden of proof which rests upon the plaintiff to show that he was totally and permanently disabled while the policy of insurance was in effect has not been established. Rather does the evidence show that the plaintiff is a "mental defective with paranoic trend due to over indulgence in alcohol," strong physically, and fitted for manual labor.

The motion for judgment for the United States of America is granted.