## UNITED STATES v. LAW.

(Circuit Court of Appeals, Ninth Circuit. May 12, 1924.)

No. 4158.

1. **Army and navy ⬅51½, New, vol. 12A Key-No. Series—Total permanent disability, under War Risk Insurance Act, to be determined in facts in each case.**
   Whether total permanent disability exists, within the meaning of War Risk Insurance Act, § 400 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u), must depend on facts in the concrete case presented by the insured.

2. **Army and navy ⬅51½, New, vol. 12A Key-No. Series—Inability to follow former vocation not "total permanent disability," under War Risk Insurance Act.**
   Mere inability of a claimant to pursue the calling which he followed before his disability does not constitute "total permanent disability," under

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

War Risk Insurance Act, § 400 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u).

**3. Army and navy ⨺⇒51½, New, vol. 12A Key-No. Series—War risk insurance; regulation of Bureau held effective.**

Regulation No. 11 of the Bureau of War Risk Insurance, issued March 9, 1918, prescribing what shall be deemed to constitute total permanent disability, is within the powers conferred by the act (Comp. St. § 514d; Comp. St. 1918, Comp. St. Ann. Supp. 1919. § 514uuu), and is applicable to prior insurance contracts, which by the certificates issued are expressly made subject to the provisions of the act "and to any amendments thereto and to all regulations thereunder now in force or hereafter adopted."

**4. Army and navy ⨺⇒51½, New, vol. 12A Key-No. Series—War risk insurance contracts not construed as strictly business contracts.**

Decisions involving interpretation of accident insurance contracts are not controlling in construction of contracts for war risk insurance, which is of a materially different character.

**5. Army and navy ⨺⇒51½, New, vol. 12A Key-No. Series—Construction of war risk insurance statute.**

The War Risk Insurance Act (Comp. St. § 514a et seq.) should be liberally construed, but the courts always are bound by the limitations of the statute and by regulations properly made by the director pursuant to authority conferred by the law.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action at law by De Witt T. Law against the United States. Judgment for plaintiff and defendant brings error. Reversed and remanded.

For opinion below, see 290 Fed. 972.

John L. Slattery, U. S. Atty., Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont. (Edward H. Horton, Associate Counsel U. S. Veteran's Bureau, of Washington, D. C., of counsel), for the United States.

De Witt T. Law, of Missoula, Mont., pro se.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an action against the United States to recover for alleged permanent total disability incurred by Law while serving in the United States Army; the disabilities consisting of loss of left arm, injury to left leg from shell wound, weakening of the arches of the feet, and nervous infirmity. The government denied permanent and total disability, within the intent and meaning of the War Risk Insurance Act and pleaded that Law's contract of insurance lapsed March 31, 1919, by reason of nonpayment of premiums. By replication Law pleaded that premiums were not due because, on September 28, 1918, prior to discharge, petitioner had become permanently and totally disabled in the service. The case was tried to the court, and judgment for $3,335 was rendered in favor of plaintiff below.

Law enlisted in Kansas on June 2, 1917, and was honorably discharged February 10, 1919. He lost his left arm and was wounded in battle in France. When discharged, his physical condition was reported as good, except for loss of limb, and he was rated temporarily

⨺⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

totally disabled, and compensation paid accordingly. The certificate of insurance issued by the United States, under the War Risk Insurance Act and the acts supplemental thereto, entitled him to insurance in the sum of $10,000, "payable in case of death or total permanent disability in monthly installments of $57.50." The certificate was made subject to the payment of premiums required, and was issued under the authority of the act amending an act entitled "An act to authorize the establishment of a Bureau of War Risk Insurance in the Treasury Department, approved September 2, 1914, and for other purposes, approved October 6, 1917 (40 Stat. 398 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514a et seq.]), and subject in all respects to the provisions of such act "and any amendments thereto and to all regulations thereunder now in force or hereafter adopted," all of which, together with the application for the insurance and the terms and conditions published under authority of the act, should constitute the contract.

Before enlistment Law had worked on a farm, and at the time of enlistment his education was less than first year high school. In the winter of 1916–17 he was in school, and continued his studies until the month of April, 1917. He had taken a five months' course, consisting of several months of bookkeeping and stenography, and after discharge from the army completed his course in bookkeeping at the Normal School in Kansas. He has taken vocational training under the auspices of the government in the law school in the University of Montana, where he has been in attendance from September 27, 1919, to the date of the trial of the present case, during which time he has been allowed by the government $80 each month from September 27, 1919, to June 1, 1920, and $100 per month from June 1, 1920, to the date of trial. He appeared in his own behalf in the prosecution of this action in the District Court and before the Court of Appeals.

Inasmuch as the District Court found that it does not appear reasonably probable that the flat feet and nervous condition complained of are permanent disabilities, we can eliminate those two matters in considering the question whether plaintiff was permanently and totally disabled, within the meaning of the War Risk Insurance Act, and the acts supplemental thereto. Examination of the act shows four main articles:

Article 1, which in a sense is the organic part, defines the duties and powers of the director, and provides for administration, execution, and enforcement of the provisions of the act. The director, subject to the general direction of the Secretary of the Treasury, is given full power and authority to make rules and regulations not inconsistent with the provisions of the act, necessary or appropriate to carry out its purposes, and shall decide all questions arising under the act, except as otherwise provided in section 5 (Comp. St. § 514e), and section 405. In article 2 provision is made for allotments and family allowances, and how such allotments may be computed and how paid. Article 3 provides for compensation for death or disability resulting from personal injury suffered, or disease contracted, in the line of duty and for the amounts payable in case of death. Article 4, commencing with section 400 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §

514u), grants insurance "against the death or total permanent disability" of any person who, among others, was an enlisted man. The broad purpose of the insurance feature, as announced in section 400, is to give greater protection insurance for soldiers and their dependents than is provided in article 3 just heretofore referred to. The director, subject to the general direction of the Secretary of the Treasury, is required to determine upon and publish the full and exact terms and conditions of the contract of insurance (section 402 [section 514uuu]). The insurance is not assignable, and not subject to the claims of creditors of the insured or the beneficiaries, and is made payable only to certain related persons, and also "during total and permanent disability" to the insured person. Payments shall be in 240 equal monthly installments. Provision may be made for maturity, continuous installments, and such other matters for the protection and advantage of, and for alternative benefits to, the insured and the beneficiaries as may be found to be reasonable and practicable, and may be provided for in the contract of insurance or from time to time by regulation.

[1] Total permanent disability must exist in order to make the greater protection available. Whether such a condition exists must depend upon facts in the concrete case presented by the insured. It would be practically impossible to lay down a hard and fast rule; indeed, obviously it might be unjust to attempt to do so. Common knowledge tells us that in one person, as, for instance, in a frail delicate body, a condition of total permanent disability may exist as the direct result of certain physical conditions, while in a vigorous, strong body almost exactly similar conditions might produce but partial and temporary disability.

[2] What is total and permanent disability is not merely the inability to pursue the calling which the claimant followed before his disability. The statute fixes no criterion with respect to any one calling, but takes up the physical condition and facts of each case. Of course, no interpretation which is against reasonable common sense can be sustained, nor can any be upheld if in conflict with the declaration in the amendment of December 24, 1919 (41 Stat. 373, 374, § 302 [3], being Comp. St. Ann. Supp. 1923, § 514r), wherein Congress provided in effect that compensation shall be allowed if and while the disability is rated as total and permanent: Provided, however, that the loss of both feet or both hands, or sight of both eyes, or loss of one hand and sight of one eye, or becoming helpless and permanently bedridden, shall be deemed to be total, permanent disability.

[3] The fact that by Regulation No. 11, which was issued March 9, 1918, after Law's contract, the director defined total permanent disability, does not make the regulation ineffectual, provided the definition is not inconsistent with the meaning of the act (40 Stat., supra) and its terms and conditions. The regulation is that total disability is any impairment of mind or body, which renders it impossible for the disabled person to follow continuously any substantial gainful occupation, and that:

"Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue

throughout the life of the person suffering from it." Supreme Tent v. King, 79 Ill. App. 145; Joyce on Insurance, § 3032.

In adopting such a definition, the director exercised power conferred by the statute; Congress imposing upon him the duty of ascertaining conditions under which payment of insurance should be made or denied.

[4, 5] We have considered the cited cases which involve the interpretation of accident insurance contracts. They are not controlling, for war risk insurance is of a materially different character, being in large part based upon considerations other than those which enter into a purely business relationship of accident indemnity contracts. The distinction has been recognized by the Comptroller of the Treasury, who has pointed out that war risk insurance established by the statute is not an out and out contract of insurance on an ordinary business basis, nor yet a pension, but that "it partakes of the nature of both." Decision of Comptroller, July 5, 1919; Caserello v. United States (D. C.) 271 Fed. 488. A liberal construction of the statute should be adopted, but, of course, the courts always are bound by the limitations of the statute and by regulations properly made by the director, pursuant to the authority conferred by the law. Helmholz v. Horst (C. C. A.) 294 Fed. 417.

Our conclusion is that the motion by the United States for judgment should have been granted, and that for error in denying that motion the judgment must be reversed, and the cause remanded, with directions to enter judgment in favor of defendant below.

Reversed and remanded.