## UNITED STATES v. SLIGH.

Circuit Court of Appeals, Ninth Circuit. March 4, 1929.

No. 5260.

John B. Wright, U. S. Atty., of Tucson, Ariz., Barnett E. Marks, Asst. U. S. Atty., of Phœnix, Ariz., and C. L. Dawson, Atty. U. S. Veterans' Bureau, of Washington, D. C.

Struckmeyer, Jennings & Strouss, of Phœnix, Ariz., for defendant in error.

Alvin Gerlack, of San Francisco, Cal., amicus curiæ.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. This case having been heretofore before this court on writ of error, the judgment of the District Court was upon March 5, 1928, reversed upon the ground that the cause of action was barred by the statute of limitations of the state of Arizona. 24 F.(2d) 636. Thereafter, upon certiorari from the Supreme Court, the judgment of this court was reversed on the ground that the applicable statute of limitations was not the statute of Arizona, but the Act of Congress of May 29, 1928 (45 Stat. 964), enacted some two months after the decision of this court, which statute by the terms thereof was made applicable to all suits then pending against the United States under the provisions of the World War Veterans' Act (43 Stat. 607). Grigg v. United States (Sligh v. United States), 277 U. S. 582, 48 S. Ct. 600, 72 L. Ed. 998.

■ The question of a bar by the statute of limitations having thus been eliminated from the case, the only remaining questions are presented by the assignments of error that the court below refused to find the facts concerning the employment of the plaintiff as requested by the defendant on the trial, and that it committed error in finding that the plaintiff was totally and permanently disabled prior to April 26, 1920. The request for a finding of fact was for a finding that the plaintiff worked from December 9, 1918, to July, 1919, at $125 per month, with an expense allowance; that after 10 days' sickness he worked as a salesman, and worked from July 10, 1919, until April, 1920, at a salary of $200 to $250 per month, together with his expense allowance. No prejudice could result to the defendant from the denial of this request for a finding, for, had the court made the finding, it would have been but to affirm the truth of the plaintiff's own testimony, which testimony was not disputed, and must have been taken for true by both parties to the trial below.

■ The question remains whether we should disturb the conclusion of the court below that the plaintiff was totally and permanently disabled during the period for which recovery was sought. While it is true that, when the case was formerly before us, it was observed in the opinion of this court that force was found in the contention that the plaintiff was not totally and permanently disabled, yet upon a reconsideration of the testimony and in view of the regulations of the bureau and the purpose and intent of the insurance contract, we are not convinced that the conclusion reached by the court below was erroneous.

There was testimony of competent physicians as to the plaintiff's disability. Dr. Wylie testified that the plaintiff had a well-advanced case of pulmonary tuberculosis. He said: "At the present time it would be impossible for him to do any manual labor. I am positive that in the future he will not be able to follow any gainful occupation. Taking the history of the case into consideration, I am of the opinion that Mr. Sligh has been unable to do any work since September, 1918. It is very injurious for any man to work with active pulmonary tuberculosis. It is physically possible for a man to work until he drops dead, but it is very injurious to the health and should not be done." Dr. Sweek testified that he had charge of "this whole district of the Public Health Service in 1920," and at that time he examined the plaintiff, and had examined him twice a year since that time. He said: "It has been inadvisable for Mr. Sligh to do any work since I have known him. Mr. Sligh will never be able to work again. He will not live very long. This man has been disabled since he walked out of the service, and always will be. There never has been a time, from the time he had pneumonia, that he has been inactive. Any man with an active pulmonary tuberculosis is totally disabled." And the doctor expressed his opinion that the plaintiff has been totally and permanently disabled since prior to his discharge from the army in December, 1918. No reason is suggested why the trial court should not have relied upon this testimony. It is not necessarily contradicted by the plaintiff's own testimony as to the work which he did.

■ The term "total and permanent disability" obviously does not mean that there must be proof of absolute incapacity to do any work at all. It is enough if there is such impairment of capacity as to render it impossible for the disabled person to follow continuously any substantially gainful occupation. These policies and the statutes applicable to the same are entitled to a liberal construction in favor of the soldier. United States v. Law (C. C. A.) 299 F. 61 (reversed on other ground 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401); United States v. Cox (C. C. A.) 24 F.(2d) 944.

The judgment is affirmed.

RUDKIN, Circuit Judge (concurring). The amount involved in this case must be paid at some time, to somebody. The only question is whether it should be paid now, or at the end of the period prescribed by the terms of the policy. For this reason, the case

is trifling so far as the government is concerned, except for the principle involved. I entertain very grave doubts whether a person earning from $125 to $250 per month, and expenses, as a traveling salesman, is totally and permanently disabled within the meaning of the law. He certainly would not seem to be as a matter of fact.

However, giving the defendant in error the benefit of such doubts as I entertain, I concur in the result.

DIETRICH, Circuit Judge (concurring). The fact that during the major part of the period in question appellee was receiving a substantial salary is material, but not conclusive. Aside from the consideration that the testimony tended to show that the employer was moved by sentiment and sympathy, fairly construed, the policy is to be understood as meaning not present ability in an absolute sense, but a capacity that may be legitimately exercised; that is, without serious peril to the life or health of the insured. That appellee was afflicted with active tuberculosis is admitted, and in the medical profession the view seems to prevail that at that stage hope of curing, or even staying, the progress of the malady, is largely conditioned upon complete rest. Had appellee put aside concern for the immediate necessities of his family, and, yielding to the advice of a conservative physician, wholly refrained from work, it may be doubted whether any question would have been raised of his right to receive the insurance. But manifestly his "ability" in a legal sense would be the same in one case as in the other.

Upon the proposition that the policy is to be liberally construed in favor of the insured, I express no opinion.