### UNITED STATES v. RICE.

No. 6301.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1931.

George Neuner, U. S. Atty., and Rex Kimmell, Asst. U. S. Atty., both of Portland, Or.

James W. Crawford, W. C. Campbell, and Barge E. Leonard, all of Portland, Or., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal by the government from a judgment in favor of the plaintiff in an action on a policy of war risk insurance. The appellee was discharged from the military service of the United States on July 24, 1919, and suffered his insurance to lapse for non-payment of premiums on August 30, 1919. The sufficiency of the testimony to establish total and permanent disability incurred while the policy was in force and effect is the sole question presented for consideration.

There was testimony tending to prove that the appellee has flat feet; that while in the military service he was kicked by a mule, resulting in the loss of all his front teeth; that he was struck by a drag falling from a wagon, causing injury to his back; and that he was twice gassed. The record shows that he had flat feet when he entered the service, and there is hardly any contention that either the kick by the mule or the gassing resulted in total or permanent disability. There was considerable testimony relating to the back injury, and we have no desire to minimize the suffering and inconvenience resulting therefrom. But we feel constrained to hold that the manual labor performed by the appellee for the period of five years following his discharge from the army and the compensation received for his services are utterly inconsistent with his present claim that he was totally and permanently disabled before the policy lapsed.

Immediately after his discharge from the army, the appellee entered the employ of a railroad company as a common laborer and continued in that employment for about two

months. He was next employed as a clerk in an army store for about three months and as a truck driver for about the same period. He then resumed work with the railroad company, where he remained for about four years, or until July, 1924. His compensation as railroad employee, clerk, and truck driver, covering a period of about five years, fell little short of $5,000, and about six months of that time was not satisfactorily accounted for, by either illness or unemployment.

The foregoing undisputed facts would seem to demonstrate that there was a total failure of proof on the question of total and permanent disability, and that a finding by the jury that the appellee was unable to do that which he had been doing almost daily for a period of more than five years is without support in the testimony. In so deciding we are not invading the province of the jury; we are simply declaring the law.

In United States v. Sligh, 31 F.(2d) 735, this court experienced no little difficulty in upholding a finding of total and permanent disability where the plaintiff had earned from $125 to $200 and $250 a month over a period of eighteen months. The finding was largely sustained because the plaintiff was afflicted with active tuberculosis and should not have worked at all.

In La Marche v. United States (C. C. A.) 28 F.(2d) 828, and United States v. Meserve (C. C. A.) 44 F.(2d) 549, the plaintiffs were railroad employees and a considerable part of their work was performed gratuitously by their fellow employees.

In United States v. Barker, 36 F.(2d) 556, 559, the facts in support of recovery were perhaps more favorable to the plaintiff than here, yet this court said:

"From the facts shown, to hold total disability would be to do violence to any common or reasonable understanding of the meaning of these terms. Not without hestitation we sustained the right of plaintiff to recover in the Sligh Case (C. C. A.) 31 F.(2d) 735, but to go further and yield to the contention of the plaintiff here would be to ignore one of the material limitations of the policy."

Finally, the appellee contends that this court is without power to consider the sufficiency of the testimony; but the record discloses a request for a directed verdict at the close of all the testimony and an exception to the ruling of the court denying the request.

The judgment of the court below is reversed, and the cause remanded for a new trial.