## UNITED STATES v. RHODES.
### No. 3104.

Circuit Court of Appeals, Fourth Circuit.
April 13, 1931.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., and David F. Sheets, Asst. U. S. Atty., both of Huntington, W. Va., and William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and C. L. Dawson, Atty., U. S. Veterans' Bureau, both of Washington, D. C., on the brief), for the United States.

Roderick G. Merrick, of Charleston, W. Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This was an action on a war risk insurance policy tried by the court below without a jury under stipulation of counsel. The court found as a fact that the plaintiff became totally and permanently disabled within the meaning of the policy while same was in force, and rendered judgment in his favor. From this judgment the government has appealed, its chief contention being that there was no sufficient evidence to support a recovery.

It is not necessary to review the evidence. It was sufficient to support the findings of the court under the principles laid down in Carter v. U. S. (C. C. A.) 49 F.(2d) 221, this day decided; and, this being true, the findings will not be disturbed. Harrison v. U. S. (C. C. A. 10th) 42 F.(2d) 736; People's Bank v. International Finance Corporation (C. C. A. 4th) 30 F.(2d) 46; Keeton v. Jefferson Standard Life Ins. Co. (C. C. A. 4th) 5 F.(2d) 183. The government requested the trial judge to make certain findings of fact; but we must assume that his refusal to make them was based upon the view which he took of the evidence, which, as we have seen, supported the findings made. We have no more power to weigh the evidence and pass upon disputed questions of fact where trial at law is had before a judge than where it is had before a jury; and the fact that the losing party may have requested findings of fact does not add to our power. It is only where there is no evidence to support the findings, and this question is properly raised, that we can disturb them. We can, of course, always inquire whether the findings made support the judgment; but there is no contention or ground for contention that the judgment here is not supported by the findings.

The government complains of a portion of the findings in which is contained the statement that plaintiff's tuberculosis was conclusively presumed under section 200 of the World War Veterans' Act, as amended by Act July 2, 1926, § 7 (38 USCA § 471), to have been contracted in the army. But while the brief and the assignments of error make complaint of this statement, no exception appears to have been taken to it; and it is elementary that we will not consider an assignment of error unless based upon an exception of record. Even if the assignment of error be treated as an exception, it cannot be sustained, for it embraces, in addition to the statement complained of, a number of other matters, including findings of fact amply supported by the testimony. While we have the power to notice plain error not excepted to, we exercise such power only where to do so is necessary to prevent a miscarriage of justice. A case for its exercise is not presented here; for in view of the judge's finding as to total and permanent disability, we cannot see that his conclusion as to the service origin of the disease was prejudicial, and the error, even if properly excepted to,

should be deemed harmless. See U. S. v. Wescoat (C. C. A.) 49 F.(2d) 193, this day decided.

The judgment below will be affirmed.

Affirmed.