## UNITED STATES v. AUER.

### No. 4606.

Circuit Court of Appeals, Third Circuit.
Aug. 18, 1931.

See, also, 51 F.(2d) 922.

Louis E. Graham, U. S. Atty., and Wm. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (William Wolff Smith, and Bayless L. Guffy, both of Washington, D. C., and Vincent Baldouf, of Pittsburgh, Pa., of counsel), for the United States.

Wm. Kaufman, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This action was begun in the District Court for the Western district of Pennsylvania to recover on a contract of war risk term insurance granted to William Flood, now deceased, while in the military service of the United States during the late war. The case was tried to the court and jury, and the verdict was for the plaintiff. Judgment was accordingly entered, and thereupon the United States appealed to this court.

The question involved is whether or not the appellee was permanently and totally disabled prior to January 21, 1919, the date of his discharge, or within thirty days thereafter, when the policy was effective, and before its date of expiration. The jury found that he was, and the appellant contends that the evidence was not sufficient to justify such finding.

Total and permanent disability within the meaning of the war risk insurance policies is defined by the Bureau of War Risk Insurance in regulation 11, which was promulgated under the authority of section 13 of the War Risk Insurance Act of 1917, as amended, as follows:

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, in Articles III and IV, to be total disability.

" 'Total disability' shall be deemed to be 'permanent' whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it." 40 Stat. 555; section 5 of the World War Veterans' Act of 1924, 43 Stat. 608 (38 USCA § 426); Carter v. United States, 49 F.(2d) 221, 222 (C. C. A. 4); White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

Both parties have agreed that this definition is correct. Was the evidence under it sufficient to take the case to the jury? In other words, is it sufficient to support the judgment entered upon the jury's verdict?

The evidence tends to show that the insured was well and strong when he entered the army. He returned from the army broken in health, bent in form, and lost ground steadily. He was wounded while in active service in France, and the evidence does not show that he ever rendered active service thereafter, but was brought home in a casualty company on board a casualty ship.

There is also substantial evidence that the insured was unable to work with any degree of regularity after his discharge from the army. The most convincing evidence of this fact is the time record of his work for his employer. It shows that he began work on or about the beginning of the second week of February, 1919, two weeks after his discharge, and continued throughout 1919 and 1920. During this period of some eighty-six weeks he received his full pay only thirteen times, which is 15 per centum of the time. We think it cannot, in the light of this evidence, be said that he followed his occupation "continuously," or, as this word has been defined, "with reasonable regularity." United States v. Sligh, 31 F.(2d) 735, 736 (C. C. A. 9); Ford v. United States, 44 F.(2d) 754, 755 (C. C. A. 1); United States v. Godfrey, 47 F.(2d) 126, 127 (C. C. A. 1); Carter v. United States, 49 F.(2d) 221, 223 (C. C. A. 4). This evidence tends to show that he "was able to follow gainful occupations only spasmodically, with frequent interruptions due to disability."

922

He was forced to leave his job permanently in January, 1921, and to go to a government hospital for tubercular patients. From that time until his death his life was spent in a succession of hospitals, where he steadily lost ground until he died in a government hospital on May 9, 1928, of active pulmonary tuberculosis.

There can be no question as to the permanence of the disability in this case. We think that the evidence was sufficient to take the case to the jury on the question of total disability, and its verdict establishes the fact.

But there is a further matter in this case which should be noticed. The court below charged the jury that section 200 of the World War Veterans' Act 1924, as amended by section 7 of the Act of July 2, 1926, and July 3, 1930, § 11 (38 USCA § 471), must be applied if the proper facts existed in this case. That statute provides that, where any ex-service man is shown to have developed an active tubercular disease prior to January 1, 1925, and that this disease created a 10 per centum disability, there is a conclusive presumption that he acquired the disease during his military service.

The Circuit Court of Appeals for the Fourth Circuit has held in the following cases that the presumption in that statute applies to sections 200 and 304 only of the World War Veterans' Act of 1924, as amended by the Act of July 3, 1930, §§ 11, 23 (38 USCA §§ 471, 515), and that these sections do not enable a veteran in a suit on government insurance to establish for the purpose of the suit that total disability on which the suit is based, was of service origin: United States v. Rhodes, 49 F.(2d) 228; United States v. Harrison, 49 F.(2d) 227; United States v. Searls, 49 F.(2d) 224. But courts in other circuits have taken the opposite view. United States v. Eliasson, 20 F.(2d) 821 (C. C. A. 9); Mulivrana v. United States, 41 F.(2d) 734 (C. C. A. 9); Runkle v. United States, 42 F.(2d) 804 (C. C. A. 10); Caprio v. United States, 45 F.(2d) 520 (C. C. A. 1). But these cases were decided before the amendment of 1930.

In the case at bar, however, it is unnecessary to decide whether or not the presumption is applicable, for the evidence, regardless of the presumption, is sufficient to support the verdict of the jury as to total disability. United States v. Rhodes (C. C. A.) 49 F.(2d) 228.

The judgment of the District Court is affirmed.