## UNITED STATES v. PATTERSON.
### No. 4604.

Circuit Court of Appeals, Third Circuit.
Aug. 18, 1931.

Louis E. Graham, U. S. Atty., and Wm. J. Aikan, Asst. U. S. Atty., both of Pittsburgh, Pa. (William Wolff Smith and C. L. Dawson, both of Washington, D. C., of counsel), for the United States.

Wm. Kaufman, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment for the plaintiff who was insured under a policy of war risk term insurance. He was discharged from the military service July 16, 1919, and paid no premiums on his insurance after that date. The policy was effective for ·30 days thereafter, and the question in this case is whether the insured was permanently and totally disabled within the time that his policy was in effect.

This case is controlled by the decision in United States v. Auer (C. C. A.) 51 F. (2d) 921, this day decided, for the evidence here is stronger than in the Auer Case. As we said in that case, we will not consider the alleged error, raised for the first time before this court, that the trial court instructed

the jury that it must presume the insured's tuberculosis to have been acquired while in the service if it developed before January 1, 1925, and created a 10 per centum disability. Act of June 7, 1924, c. 320, § 200, 43 Stat. 615, as amended by Act July 3, 1930, c. 849, § 11, 46 Stat. 995 (38 USCA § 471). As we pointed out in that case, the evidence was sufficient to support the verdict, regardless of the presumption that the insured acquired tuberculosis during his military service.

■ On November 2, 1918, while in active service in France, the insured was gassed, and injured in his back by a falling steel rail. Later, he was sent to a base hospital, suffering from severe pains in his chest, shortness of breath, and spitting blood. In addition, the injury to his back was causing him trouble. He saw no more active service.

After his discharge, though severely hampered by chest pains, he sought and obtained work from a construction company, but was discharged for irregularity due entirely to his physical condition. He was again employed, after an interval of several months, as a porter. After a week or so his employer sent him to the Red Cross to get assistance. He then spent some time in two hospitals, and, after his discharge, depended entirely on charity for his sustenance.

In 1921 he began vocational training under the Veterans' Bureau. He was often forced to suspend his training because of illness, but managed to finish it in 1925.

He next obtained employment from a railroad company, but, after working intermittently for a few weeks, he fainted, and was sent to a hospital, where his condition was diagnosed as tuberculosis moderately advanced. After two years he was discharged from the hospital with a temporary, total disability rating.

Two private physicians who examined him as early as 1923 testified that he had active pulmonary tuberculosis. And several physicians testifying for the government said that the insured would be able to do only "light work" because of the injury to his back.

With these facts in mind, we are of the opinion that there was sufficient evidence for a jury to find that the insured at the time of his discharge was unable to follow continuously any substantial gainful occupation, and that his disability is permanent.

The judgment is therefore affirmed.