**BAILEY v. UNITED STATES.**

**No. 9461.**

Circuit Court of Appeals, Eighth Circuit.
April 1, 1933.

Baker & Gautney, of Jonesboro, Ark., for appellant.

J. A. Tellier, Sp. Asst. to U. S. Atty., of Little Rock, Ark. (Wallace Townsend, U. S. Atty., and Cleveland Cabler, Chief Atty., Veterans' Administration, both of Little Rock, Ark., on the brief), for the United States.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

This is another war risk insurance case. The court directed a verdict for defendant at the close of plaintiff's testimony, and the only question presented is whether there was substantial evidence tending to show that plaintiff became permanently and totally disabled during the life of the policy.

No premiums were paid after February 1, 1919, so that the policy expired March 31, 1919. Suit was not brought until July 2, 1931, more than ten years after the policy had lapsed. In September, 1918, plaintiff was in the service in France, and while on duty at the front was obliged to drink water from an old well, which made him sick at the stomach. He received hospital aid, but was not sent to a hospital at the time. He continued thereafter to have stomach disorders. On his return to the United States he was sent to Brooklyn, N. Y., where he remained some ten days, when he was demobilized and sent to Camp Funston for his discharge. En route to Kansas City he took sick with influenza and was sent to the hospital at Ft. Riley, where he had some slight hemorrhages. He suffered from vomiting and was attended by a doctor for ten days, when he was transferred to a depot brigade for discharge. He was discharged February 12, 1919. Since his discharge he has had medical treatments at hospitals and otherwise, but all these occurred since the lapse of his policy. He now claims that he became totally and permanently disabled while in the army, from the effects of being gassed and from drinking poisoned water, and also that he there became afflicted with tuberculosis. The report of the Adjutant General's office showed an examination of plaintiff just before his discharge, and stated that his condition was good. He, however, says that he had no examination, and that he wrote his own discharge papers, inserting therein that his condition was good, in his own handwriting.

In his application for soldier's compensation, he made no claim that he was afflicted with tuberculosis, and his doctors made no mention of it, but based the claim upon his stomach trouble. There is absolutely no evidence, either lay or medical, that plaintiff was totally and permanently disabled while the policy was in effect. He has been engaged almost continuously in a gainful occupation from the time of his discharge. From his own testimony it may be gleaned that on March 1, 1919, he began working for the D. B. Moore Ice Cream Company of Walnut Ridge, Ark., at a monthly wage of $125 per month. True, he made varying statements as to the wages which he was earning, but the lower court, in passing on the motion for a directed verdict was not required to find the exact amount of the plaintiff's earnings. No good purpose would be served by an extended analysis of the testimony. It seems from appellant's own testimony that since his discharge and up to the time of the trial, plaintiff's earnings aggregated more than $15,000. His work record is not consistent with the claim that he was totally and permanently disabled during the life of his policy. Medical testimony could scarcely overcome the undisputed facts with reference to plaintiff's employment in a gainful occupation. One of plaintiff's medical witnesses testified that his tuberculosis was not active at least as late as 1925. There is nothing to indicate that the employment in which plaintiff was engaged in any manner affected his health, and un-

der the repeated decisions of this court he was not entitled to recover. Eggen v. United States (C. C. A.) 58 F.(2d) 616; United States v. Fly (C. C. A.) 58 F.(2d) 217; United States v. Le Duc (C. C. A.) 48 F.(2d) 789; United States v. Perry (C. C. A.) 55 F.(2d) 819; United States v. Hairston (C. C. A.) 55 F.(2d) 825; United States v. Pullig (C. C. A.) 63 F.(2d) 379. There was no substantial evidence in support of plaintiff's claim, and the court correctly directed a verdict.

The judgment appealed from is affirmed.