## CRANSHAW v. UNITED STATES.
### No. 2800.

Circuit Court of Appeals, First Circuit.
May 31, 1933.

James A. Donovan, of Lawrence, Mass. (Joseph M. Hargedon, and Coulson, Donovan & Hargedon, all of Lawrence, Mass., on the brief), for appellant.

John Laurence Hurley, Sp. Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, WILSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

In this war risk insurance case, the jury found specially that the appellant was permanently and totally disabled on or prior to June 30, 1919, when his insurance contract lapsed for nonpayment of premiums. The jury then returned an alternative verdict for the plaintiff. On motion, the court set aside the verdict and entered judgment for the defendant. The sole question before this court is whether the evidence warranted the verdict of the jury.

In the memorandum accompanying the court's decision to set aside the verdict, the learned judge accurately summarized the controlling facts as follows:

"The undisputed facts were that from June 10, 1919, to August 14, 1920 a period of fourteen months, the plaintiff did hard laboring work for the H. K. Webster Company; that his wages started at $19 per week and were increased from time to time; that he received in aggregate wages from said company during said period $1,403.49—an average of about $100 per month. There was no evidence that he was often absent from work because of ill-health, or that any special consideration was shown to him.

"From December 1, 1920, to June 1, 1923, two and one-half years, the plaintiff worked as steward at the Odd Fellows Club, receiving wages of $25 per week. There was testimony that he was not up to this work, did not do it well, and was kept on only from sympathy and because he was a member of the order. There was, however, no evidence of frequent absences due to ill-health. A considerable part of his difficulties with work as described by his witnesses might be due to temperamental unfitness for it or lack of initiative.

"From August, 1923, to October 15, 1927, four years and two months, the plaintiff worked as a paper weigher in the Champion International Company. His total wages for this period amounted to $4,637, a yearly average of about $1,113. There were no unusual absences.

"In the fall of 1927 serious disease of the brain or nervous system completely incapacitated him. From November, 1927, he has been rated as totally disabled and is receiving compensation on that basis.

"Of the eight years, seven months between June 10, 1919, and November 1, 1927, the plaintiff has been gainfully employed seven years, ten months; he has been idle only nine months. He has earned in this period aggregate wages of $9,290, an average of over $1,150 per year. To say that during this same period he was totally and permanently disabled from pursuing continuously any substantially gainful occupation is to assert something which the facts show is plainly untrue. A finding to that effect is unreasonable and clearly wrong."

The cases of Ford v. United States (C. C. A.) 44 F.(2d) 754, and United States v. Godfrey (C. C. A.) 47 F.(2d) 126, mark the extreme limit to which this or any other court has gone in a liberal interpretation of the statute in favor of war victims. But neither case affords any support to the appellant's contention in the instant case. In the Ford Case, there was substantial evidence that Ford, while in service, as the result of exposure in the water, acquired the progressive disease from which he never made a recovery; that his employment was frequently interrupted by this inability.

In the Godfrey Case, the evidence plainly warranted a finding that Godfrey was gassed in the service, was able thereafter to work but spasmodically, and died of tuberculosis after the trial, but before judgment in the case. United States v. Sligh (C. C. A.) 31 F. (2d) 735.

The appellant's disability in 1927 is due to goiter, described in the medical testimony as a disease curable by operation or treatment; and apparently first diagnosed in September, 1923, after which he worked, regularly, over four years.

Careful examination of the other cases cited by the appellant's learned counsel fails to disclose any case in which the court, on facts fairly comparable with those in this case, has sustained a verdict for the appellant. See United States v. McCreary (C. C. A.) 61 F.(2d) 804; United States v. McGrory (C. C. A.) 63 F.(2d) 697; Wise v. United States (C. C. A.) 63 F.(2d) 307.

The judgment of the District Court is affirmed.