150

## UNITED STATES v. CLEMENT.
### No. 2814.

Circuit Court of Appeals, First Circuit.
Oct. 17, 1933.

Samuel T. Holmgren, Asst. U. S. Atty., of Concord, N. H. (Raymond U. Smith, U. S. Atty., of Concord, N. H., and A. W. De Birney, Atty. Veterans' Administration, of Burlington, Vt., on the brief), for the United States.

Laurence I. Duncan, of Concord, N. H. (Robert W. Upton, of Concord, N. H., on the brief), for appellee.

Before WILSON, MORTON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

In this war risk insurance case the jury found, on October 6, 1932, that the appellee was permanently and totally disabled on January 23, 1919. His insurance of $5,000 lapsed on March 3, 1919. The main question on the government's appeal is whether the defendant's motion for a directed verdict should have been granted.

The plaintiff enlisted on April 11, 1917; arrived in France in October, 1917; reached the front lines in February, 1918; and on June 17, 1918, was hurt in the shoulder by a piece of shell while he was carrying supplies to the kitchen. He then received hospital treatment in France and in this country, and was finally discharged on January 23, 1919. He shortly after took employment at the Baltic Mills in Enfield, N. H., where he worked over fourteen months, twisting yarn and putting it upon bobbins. He was married on November 6, 1920, and has three children. He was again employed at the Baltic Mills until November 26, 1921; when he took up voca-

tional training, and continued it until May 1, 1925. He then went back to the Baltic Mills where he remained until November 13, 1926. At various times in 1927 and 1929 he was employed as an assistant town engineer by the town of Lebanon, N. H. He also worked in a machine shop in Lebanon; and in 1929 he worked several weeks at Windsor, Vt. Without further detail, he left the employ of the Baltic Mills in April, 1932, and brought suit on his insurance policy.

It appeared that from March 25, 1919, until April 16, 1932, he earned, including the amount received from the United States for vocational training, nearly $14,000; that during this period, particularly in the latter part thereof, he was laid off because the mill was shut down, and he could find no employment; that during the most of this period, while doubtless he endured some discomfort and had not a painless and fully controlled use of his right shoulder, he worked with fair continuity.

In the Cranshaw Case, 65 F.(2d) 649, 650, we said: "The cases of Ford v. United States (C. C. A.) 44 F.(2d) 754, and United States v. Godfrey (C. C. A.) 47 F.(2d) 126, mark the extreme limit to which this or any other court has gone in a liberal interpretation of the statute in favor of war victims."

This case, while perhaps not quite as clear in its showing of facts as the Cranshaw Case, must fall under the same rule. To sustain a verdict of total and permanent disability in the light of the foregoing facts would be to hold that partial disability is the legal equivalent of total and permanent disability. We cannot hold that Congress intended any such result. As the court said in Bailey v. United States (C. C. A.) 64 F.(2d) 779: "Medical testimony could scarcely overcome the undisputed facts with reference to plaintiff's employment in a gainful occupation."

See, also, United States v. McGrory (C. C. A.) 63 F.(2d) 697; United States v. Thomas (C. C. A.) 53 F.(2d) 192; United States v. Harth (C. C. A.) 61 F.(2d) 541; United States v. Rice (C. C. A.) 47 F.(2d) 749; United States v. Harrison (C. C. A.) 49 F.(2d) 227; United States v. Rentfrow (C. C. A.) 60 F.(2d) 488.

We think the court erred in not granting the defendant's motion for a directed verdict.

The judgment of the District Court is vacated, the verdict set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion.