# WRIGHT v METROPLITAN LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15982. Decided Nov 22, 1937

John H. McNeal, Cleveland, for plaintiff-appellee.

Foote, Bushnell, Burgess & Chandler, Cleveland, for defendant-appellant.

## OPINION

By LIEGHLEY, J.

Plaintiff instituted an action in the Municipal Court of Cleveland to recover certain benefits under a total and permanent disability provision attached to a contract of insurance entered into by and between plaintiff and defendant on or about December 2, 1929. The trial below was had upon an agreed statement of facts and resulted in a judgment for plaintiff. The case is now here for review on an appeal on questions of law.

The pertinent provisions of the policy read as follows:

"Hereby agrees, that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said policy and this supplementary contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured become totally and permanently disabled as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will during the continuance of such disability,—

"1. Waive the payment of each premium falling due under said policy and this supplementary contract, and,

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said policy, a monthly income of $10.00 for each $1000.00 of insurance, or of commuted value of installments, if any, under said policy.

"Such waiver shall begin as of the anniversary of said policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof.

"Notwithstanding that proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time on demand from the Company, furnish due proof of the continuance of such disability but after such disability shall have continued for two full years the Company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease and all premiums thereafter falling due shall be payable according to the terms of said policy and of this supplementary contract."

Plaintiff seeks to recover benefits for total and permanent disability for the period extending from October 18, 1931 to July 18, 1932. A proof of claim was duly filed on or about February 8, 1932, in compliance with the terms of the policy. It is stipulated that plaintiff became totally disabled on October 18, 1931, and that such disability continued to July 18, 1932.

On February 5, 1932, plaintiff was examined on behalf of defendant by Dr. Allison who reported to his company that he did not know whether plaintiff was totally and permanently disabled.

On February 8, 1932, at about the same time the proof of claim was filed, plaintiff submitted to defendant a written statement of Dr. Gilbert concerning his illness, in which Dr. Gilbert stated that plaintiff was totally and permanently disabled. On March 28, 1932 plaintiff submitted to defendant a letter of Dr. Gilbert to the effect that his disability has been complete up to date.

On April 22, 1932, Dr. Gilbert made a statement that plaintiff was probably permanently disabled.

On May 9, 1932, Dr. Allison reported to his company that the disability of plain-

tiff was temporary, and that he would probably be able to resume his work in three months.

It is contended by defendant that this constitutes a temporary disability and there is no liability therefor under this contract of insurance.

Defendant contends that the case of **Rose v New York Life Insurance Co., 127 Oh St** 265, is controlling and determinative of the question involved in this action. It is our view that this case is not in point. In the Rose case the policy provided that the insured should file a proof of claim while the disability existed. This proof was not filed until after the disability ceased. Plaintiff in that case did not comply with the terms of the contract. He did not perform as by the terms of the contract he agreed to perform, to entitle him to the disability benefits. There is good reason for the provision that the proof be filed during the disability. The insurer has a right, by reason of this requirement, and should have the opportunity to examine the insured at the time the disability is claimed. In the Rose case the insurer was expressly given this right but the opportunity was denied by filing the proof after the disability ceased.

The facts in the case at bar are different. The insured became disabled on October 18, 1931 and filed his proof of claim for total and permanent disability on February 8, 1932, and submitted therewith medical proof of such disability. It is conceded that he was then totally disabled and that his disability extended to July thereafter. The provision of the policy is that the insured shall file a proof of claim to the effect that he "has become" totally and permanently disabled, which language imports "is." The insured complied with this requirement.

The language of the policy is unambiguous and couched in plain English defining what each party thereto shall and must do. It is expressly agreed that in the event the insured shall file "due proof that he has * * * become totally and permanently disabled as the result of bodily injury or disease, so as to prevent him from engaging in any occupation * * * for a period of at least three months' the insurer will then do certain things. It agrees to waive premiums; it agrees to pay insured $10.00 on each $1000.00 of insurance monthly from the time the disability began. In this case the plaintiff fulfilled his part of these requirements. The insurer has not paid for

the claimed reason that the disability is temporary.

If the Rose case. determines this case, it would be helpful to bench and bar to know it that the question may be forever settled as there is a considerable analogous litigation over the question.

We are not in accord with those courts that hold this and similar contracts ambiguous. Reading the entire contract as all contracts should be read, it is perfectly clear what the rights and obligations of the parties are.

It is entirely clear that both parties had in contemplation a period of · permanent disability less than life. This is made certain by the provision that benefits shall cease in the event such disability ceases.

If the fact of total and permanent disability be established as existing when proof was duly filed, and that such disability is probably permanent and total for the future of the insured, the insurer then became obligated for the stipulated benefits for the period beginning from the date of such disability. This is exactly what the contract says.

The plaintiff filed such proof on the 8th day of February, 1932. His doctor certified to such disability. The doctor for defendant then asserted he did not know. The ·defendant some months later refused to pay benefits of a claim that the insured was only temporarily disabled at the time the proof was filed. This presented an issue of fact. The trial court resolved this issue of fact in favor of plaintiff. There was credible evidence to sustain this finding.

The defendant undoubtedly had a reasonable time after the proof was filed to examine, inquire and check the proof and the insured to ascertain the truth of this claim and accept or reject the claim. The defendant rejected the claim while total disability concededly existed because not permanent. The trier of the facts found that the proof was true within the terms of the contract of insurance and the contemplation of the parties.

If the date of filing the proof in exact accord with the terms of the policy is not the pivotal date, then there would be strong incentive for an insurer to resort to· dilatory tactics and litigation in the fond hope that the lapse of time might result in converting a seeming permanency into a temporary disability. If subsequent developments shall operate in the case at bar to relieve defendant of its obligations under its contract, it will be permitted to escape doing what it expressly agreed to

do. Potentially the insurer may insist that this policy means disability for life not probably but positively.

Summarily plaintiff and defendant entered into a contract of insurance with disability provision attached in 1929. No claim that the premiums were not duly paid. In the event of permanent and total disability the insured agreed to file proof thereof after the lapse of three months from the beginning thereof. If true, the company agrees to waive premiums and pay specified benefits from the date of the inception of such disability. This is their agreement. The court found the claim of plaintiff that he was so disabled for over three months on the 8th day of February, 1932. This obligates defendant to pay the benefits that accrued prior to said date and so long as such disability continued. This agreement so to do is not qualified by any provision in the contract. There is nothing in the contract to the effect that in the event the insured, months after having duly filed proper proof of such disability, shall fortunately improve in health that such change shall operate to relieve the insurer from paying what it agreed to pay upon the happening of specified contingencies. The Plaintiff performed as he agreed to perform. The defendant will perform his contract only by being required to pay.

For the foregoing reasons the judgment is affirmed.

LEVINE, PJ, concurs in judgment.
TERRELL, J, dissents.

### DISSENTING OPINION

By TERRELL, J.

Plaintiff and defendant entered into a contract, the parts of which pertinent to the issues at hand are, that defendant agreed to pay plaintiff a certain income monthly if plaintiff became "totally and permanently disabled as a result of bodily injury or disease" so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit; no such payment to be made unless the disability already has continued uninterruptedly for at least three months, the payments to be made during the continuance of the disability; the payments to begin as of the date of the inception of the disability, and if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit the monthly income shall cease.

It is agreed by the parties that plaintiff became totally disabled for a period of nine months at which time the disability ceased and he then re-entered into gainful employment. Before the disability ceased, plaintiff filed claim for total and permanent disability payments under the contract. The claim was rejected by the insurance company and suit was filed after the so-called permanent disability ceased. Plaintiff prays for compensation under the policy contract for the nine months disability. The petition predicated the right to recover on the ground of "total and permanent"" disability for nine months. Plaintiff recovered judgment in the trial court. Upon review, the majority of this Court of Appeals affirmed the judgment.

I will briefly state my reasons for dissenting from the majority decision.

It is an anomaly to state that a disability of nine months is permanent; it is more than an anomaly, it is a contradiction. That which has existed only nine months has existed for a temporary time, and not permanently. The words, "temporary" and "permanent" are plain words. One is the antonym of the other. There is no ambiguity in their use. As applied to this case a disability is permanent that continues during the life of the insured. Within the exercise of good common reason I do not believe that this court should so contort the real meaning of "permanent" as to give to it the meaning of its antonym, "temporary."

Plaintiff's petition shows that the disability was only temporary. The evidence shows that the disability was only temporary. Under the policy, therefore, no recovery should be had because the basis of recovery is permanent disability.

Absolute proof of permanent disability can seldom be made during the life of the subject. While there is life, there is generally a possibility of recovery. The law does not require of the plaintiff absolute proof of the allegations of permanent disability before he can recover. The law deals in probabilities only. It is sufficient if the proof shows a probability that the disability will be permanent. The company may accept the proof of the probability of permanency of the disability and pay. If the company refuses to pay, suit may be brought and proof made by the plaintiff of the probability of permanent disability. In neither case is the proof of permanent disability absolute. But if the so-called permanent disability ceases, under the policy the disability payments cease. It would follow

that the disability under which the payments have been made is merely a presumptively permanent disability. When the disability ceases before death it is certain that there never existed a permanent disability. In which event if payments have not started, the insurance company should not be required to begin payments, since the basis of plaintiff's claim under the policy must be total and permanent disability.

Plaintiff seems to argue that the word "permanent" is qualified, and changed in its meaning, because the insurance contract provides that no payment shall be made unless the disability has already continued for three months. It is provided that the company will pay only on the condition "that such disability has already continued uninterruptedly for a period of at least three months." "Such disability" has reference to the disability theretofore mentioned which is designated as a total and permanent disability.

By the wording of this policy, it is clearly contemplated that payments under the policy may be made to the insured during his life, but the right thereto depends upon total and permanent disability. If, before the payments begin, the disability has ceased, then it is apparent that there is no permanent disability and payments need not be made. If the payments have begun, and the disability then ceases, the payments immediately cease, and it is then certain that the plaintiff never was entitled to said payments, because the disability was not permanent.

Plaintiff contends that he is entitled to the first three months disability payments, in any event. This claim is untenable under the policy. The three months provision is placed in the policy merely to fix a date before which no claim may be made for permanent disability benefits. It does not create a right in the insured for such benefits for such three months. I will repeat again, the right to any benefits comes under the words, "total and permanent disability."

Plaintiff also contends that the agreement to make disability payments, "during the continuance of such disability" modifies the meaning of "permanent" to something less than permanent, hence, temporary. This interpretation does not follow reason. The disability that is to be paid for, is permanent disability, and nothing less. If, however, a presumption of permanent disability is proved, and disability payments are made, as soon as this presumption is overcome and it is made to appear that

the disability is not permanent, the payment ceases. This is a reasonable procedure provided in the contract for the benefit of the insured, whereby the insurance company volunteers to pay on the chance that the disability is permanent until shown otherwise.

The thought is well expressed by the Supreme Court of the State of Ohio in the case of **Rose v New York Life Insurance Company**, 127 Oh St 265, as follows:

"If the cessation of disability be shown before the payments begin, plainly no payments need be made."

It has also been suggested on behalf of plaintiff, that since the policy provided that the company, upon due proof of total and permanent disability agrees to make the stipulated payments during the continuance of the disability, it was necessarily intended by the parties that payments were to be made for a presumptively permanent disability even though at the time it was clearly shown that the total disability theretofore existing had ceased to exist and was not permanent. With this contention the writer does not agree. The fundamental right of the plaintiff to recover at all for disability payments is, by the terms of the policy, a total and permanent disability.

A further question from the case of **Rose v New York Life Insurance Company**, 127 Oh St 272, sheds some light upon the controversy before us:

"Considering the contract as a whole, however, there is no ambiguity unless an assumption is first made that the agreement is one to pay for temporary disability. But we may not read a meaning into the clear language of the contract, and then find ambiguity in the words which deny that meaning  Instead, plaintiff's case rests wholly upon the theory that the policy provided payment for temporary disability, since a disability, ended before proof of it is made, must of necessity be temporary."

This question of the Supreme Court applies directly to the case at hand. When plaintiff filed his proof of claim for disability, the insurance company had the right to reject the claim if they believed the disability not to be permanent. They had a right to have this question submitted to the court. It appears that before the court was called upon to pass upon the question thus presented, the action of na-

ture intervened and brought about a cure of the so-called permanent disability which would deny to plaintiff the right of recovery. It appears to the writer of this opinion that when the plaintiff stated in his cause of action that his contract with the insurance company provided for payment to him in case of total and permanent disability and then he stated further in his petition that his permanent disability was of nine months duration, that the petition fails to state a cause of action.

The language used in this contract is clear and without ambiguity. It is well settled law that the contract made by the parties is the contract to be enforced.

"The court should not make a new contract for the parties where they themselves have employed express and unambiguous terms."
**Fidelity Co. v Hartzell, 109 Oh St 569.**

"Insurance policies, like other written contracts, mean what they say, and all they say. They are written for the protection of both parties thereto, and all others interested in the policies. If such contracts are not to be enforced as written, they might as well not be written at all."
**National Life v Ray, 117 Oh St 13.**

In summary, the contract here provided for total and permanent disability benefits only, and not for temporary disability benefits. The disability shown in this case is temporary and plaintiff should not recover.

For the foregoing reasons, it appears to me that the judgment of the Court of Common Pleas, in favor of the plaintiff should be reversed.