GIBBONS, APPELLEE, *v.* METROPOLITAN LIFE INS. CO., APPELLANT. (Two Cases.)

(Decided June 6, 1938.)

*Mr. Carl L. Erb,* for appellee.

*Messrs. Foote, Bushnell, Burgess & Chandler,* for appellant.

WASHBURN, J. The rights of the parties to these two actions depend largely upon the meaning of certain provisions of an insurance contract entered into by the parties.

The interpretation of that meaning was the duty of the trial court.

The decisions of countless courts upon similar provisions of insurance contracts and the views expressed therein by many judges are available, but the character or terms of such contracts and views of judges are so varied as to render a reconciliation of the decisions difficult if not impossible.

Even the language used by our Supreme Court in various pronouncements in insurance cases, varies in accordance with the composition of the court in various periods.

We make no attempt to analyze or differentiate, but, in the light of all these, express our views as to the contract here involved.

The primary purpose of the contract in question is not health and accident insurance designed to indemnify for loss of wages in an employment, but is life insurance with health and accident provisions added to insure the continuance of the life insurance.

The policy shows that the insured was employed by the American Steel & Wire Company, and at the time the contract was made had been so employed as superintendent of mills for more than ten years; and the evidence discloses that at the time of his disability he was so employed, and that he had been in the employment of that company for forty-eight years without any loss of time.

By the terms of the policy the disability benefits were to accrue when the insured:

"* * * has become totally and *permanently* disabled and will for lifetime be unable to perform any work or engage in any business for compensation or profit." (Italics ours.)

In interpreting the meaning of that provision so far as "permanently disabled" is concerned, another provision of the policy is to be considered, to wit:

"Notwithstanding proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, but not oftener than once a year, on demand from the company, furnish due proof of the *continuance* of such disability * * *; and if the insured shall fail to furnish such proof, or if the insured *is* able to perform any work or engage in any business whatsoever for compensation or profit, no *further* premiums will be waived or allowed to accumulate as an indebtedness against the policy, nor will any *further monthly annuity payments be made.*" (Italics ours.)

Construing these provisions, it is perfectly apparent that the parties to the contract did not use the words "*permanently* disabled" in the sense that the insured would not be entitled to disability benefits unless he proved that his condition could not be cured or improved, and it would have been erroneous to so charge the jury. It would also have been erroneous to merely charge in the words of the first of said provisions: That the insured must prove he had "become

totally and *permanently* disabled and will for life-
time be unable," because the meaning of the expres-
sion "permanently * * * for lifetime" therein used is
affected by the provisions of the second provision.
Where the court is charged with the duty of interpret-
ing the meaning of a term used in a contract, it is the
duty of the court to take into consideration all of the
provisions of the contract.

The other part of the first provision is that the in-
sured is not entitled to benefits unless he proves that
he is "unable to perform *any* work or engage in *any*
business for compensation or profit." (Italics ours.)

As we construe the brief of the company, it is con-
ceded that the expression "perform *any* work or en-
gage in *any* business" is not to be taken in its literal
sense, and if it is not admitted we so hold.

Words used in insurance contracts are not in fact
used as the result of negotiations between the parties
to the contract, but are used by one party only; and
the only assent thereto by the other party is that im-
plied from the acceptance of the policy under circum-
stances which are matters of common knowledge; and
therefore courts—most courts—have construed the
words so used most strongly against the party using
them, and have refused to give them a literal interpre-
tation, assent to which can not in equity and good con-
science be implied, especially where, as in this instance,
it is exceedingly doubtful if the party using. such
words intended to use them in their literal sense.

Under the circumstances shown in the record of one
of the cases under consideration, the court was not
required to charge the jury simply in the language used
in the policy; in the other case no such request was
made. In neither of the cases was the general charge
of the court on this subject as clear as it should have
been, but in the light of the circumstances and the rec-
ord in each case we find no such error in the charge

of the court on this subject as would justify a reversal of either judgment.

We find no prejudicial error in either of the cases upon rulings as to admissibility of evidence.

We do not find in either case that the trial court erred in refusing to direct a verdict or enter judgment in favor of the defendant insurance company.

In the one case where complaint is made as to the trial judge instructing the jury, after the case had been submitted to it and at its request (without notice to and in the absence of all counsel in the case), as to how to figure the amount due, there was no error. Counsel had agreed in open court that the amount was a question of computation, and that if the jury made a mistake they would correct it. There is absolutely no justification for the last complaint and counsel should not have bothered this court with it.

This memorandum is prepared to acquaint counsel, who are familiar with the record, as to our views, and therefore we have not set forth the facts or referred specifically to all the claimed errors, but we have said sufficient to indicate our conclusions.

A careful reading of the record and a consideration of the evidence prompt us to say that in our opinion the judgment in each case was fully warranted, and that substantial justice was accomplished by the trials. We therefore find such errors as appear in the record to be not prejudicial.

The judgment in each case is affirmed.

*Judgments affirmed.*

STEVENS, P. J., and DOYLE, J., concur.

STEVENS, P. J., WASHBURN and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.