McKINNIE v. METROPOLITAN LIFE INS. CO.

No. 19382.

District Court, N. D. Ohio, E. D.

March 4, 1941.

Harrison & Marshman, of Cleveland, Ohio, for plaintiff.

Bushnell, Burgess & Fulton, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The principal error assigned and the only one discussed was the court's direction of verdict for the defendant.

If the claim of the plaintiff had been founded on an occupational insurance policy, the case no doubt should have been submitted to the jury. The evidence not only indicated but it quite substantially proved that the plaintiff's disabilities made it impossible for him ever to continue again in the occupation in which he was engaged when the insurance contract was made. Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810, 51 A.L.R. 1040. Or if the plaintiff's claim had been founded on a war risk insurance policy, the case no doubt should have been submitted to the jury. Under such a policy the plaintiff could well insist that his record of employment did not disprove permanent disability. There is abundant authority for a very liberal interpretation of war risk insurance, an interpretation which holds that "total permanent disability" is not disproved by evidence of a work record which did not involve actual physical labor, which was gratuitous employment, or a sinecure, or which was merely temporary. As the court said in United States v. Ingle, 9 Cir., 53 F.2d 52: "The question, I think, is for the jury, to determine from all the testimony whether this man was permanently disabled."

But the plaintiff's claim in this case is not founded on war risk or occupational insurance. The policy in this case was one of group insurance. The defendant obligated itself "Upon * * * proof * * * that any employee * * * has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit * * * to pay", etc.

The insurance was purchased by the employer for the purpose of affording its employees life insurance or, in lieu thereof, compensation in case of inability to perform any work for wage or profit.

Plaintiff contends that the policy in this case should be construed exactly as the war risk policies have been construed, and

994

relies mainly upon the statement in Kontovich v. United States, 6 Cir., 99 F.2d 661, 664, to the effect that "The War Risk Insurance Act was intended to afford the soldier the advantages of ordinary life and accident insurance, which were no longer reasonably available to him and being substitute insurance, such Government contracts are to be construed by the same rules as like contracts involving private parties".

That statement, considered in its context, is authority for construing war risk insurance as liberally as other similar insurance. But it can hardly be considered as authority for construing an insurance contract between private parties as liberally as a war risk policy. As the courts have pointed out again and again, the whole policy back of the war risk insurance, and the relationship between the parties, differentiate it from ordinary insurance. As the court said in the case of United States v. Law, 9 Cir., 299 F. 61, 65: "* * * war risk insurance is of a materially different character, being in large part based upon considerations other than those which enter into a purely business relationship of accident indemnity contracts." (Reversed on other grounds.)

War risk insurance has been referred to as partaking somewhat of the nature of a pension. Justice Holmes, in speaking of the position of the government with reference to such insurance, said, in White v. United States, 270 U.S. 175, 180, 46 S. Ct. 274, 275, 70 L.Ed. 530: "It was a relation of benevolence established by the Government at considerable cost to itself for the soldier's good."

Under the war risk policy "total permanent disability" is all that needs to be proved. Under the policy in this case, however, it must be proved that the plaintiff "has become totally and permanently disabled, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit." Under the war risk policy the soldier was insured against physical disability. But under the policy in this case the employee was insured against inability to pursue an occupation for his own support. If the soldier is physically disabled, his right to recover (according to many Circuit Courts of Appeals cases) cannot be affected by proof that an employer or fellow employees or the public have sustained him in a gratuitous position or sinecure in spite of his disability. United States v. Jensen, 9 Cir.,

66 F.2d 19. But no federal case is found which holds that an employee who is insured by private contract against destitution from inability to work, can recover if the proof is undisputed that he has had regular, continuous, profitable employment.

■ To extend the coverage of an insurance contract beyond its express language is just as illegal and wrong as it would be to increase the amount or to extend the term. As stated by this court when the case was arrested from the jury, there has been found a need for policies of limited risk. By the plain English terms used, the policy in this case is one of that kind. If the court construes such terms to encompass a general risk, what terms could be employed to meet the demand for a limited risk? Furthermore, if all policies are construed to broaden the risk, then high insurance rates must follow and employees may be denied all insurance who otherwise might have had limited insurance. A broad charity toward injured workmen is a commendable attitude, and protective insurance for injured employees is a sound economy. But the good that needs to be done should be done in a forthright way. We need not surrender our intellectual integrity for such benefits. We should not belie honest words nor attempt by legal rationalization to justify a good but misplaced sentiment.

"Parties to insurance contracts may contract for what accidents and risks the company shall and shall not be liable. * * * If they desire to limit liability for death by accident under particular circumstances and by specific means, it is competent to do so, and, if the agreement is clear and unambiguous, the courts have no authority to create an ambiguity where none exists. They must accept the language of the contract in its plain, popular, and ordinary sense." Kirkby v. Federal Life Ins. Co., 6 Cir., 35 F.2d 126, 128.

Even in cases involving war risk insurance our Supreme Court has not departed from the plain words of the war risk contract. In the case of Lumbra v. United States, 290 U.S. 551, 561, 54 S.Ct. 272, 276, 78 L.Ed. 492, the court said: "It may be assumed that occasional work for short periods by one generally disabled by impairment of mind or body does not as a matter of law negative total permanent disability. But that is not this case. Petitioner, while claiming to be weak and ill and, contrary to the opinion and diagnoses

of examining physicians, that he was really unable to work, did in fact do much work. For long periods amounting in the aggregate to more than five years out of the ten following the lapse of the policy he worked for substantial pay. No witness, lay or expert, testified to matters of fact or expressed opinion tending to support petitioner's claim that had he suffered 'total permanent disability' before his policy lapsed. Unless by construction these words are given a meaning far different from that they are ordinarily used and understood to convey, the evidence must be held not sufficient to support a verdict for petitioner. The trial court should have directed a verdict for the United States. Gunning v. Cooley, 281 U.S. 90, 93, 50 S.Ct. 231, 74 L. Ed. 720; Stevens v. The White City, 285 U.S. 195, 204, 52 S.Ct. 347, 76 L.Ed. 699."

And in the case of United States v. Spaulding, 293 U.S. 498, 505, 55 S.Ct. 273, 276, 79 L.Ed. 617, the court said: "During the larger part of more than eight years between the lapse of his policy and the commencement of this suit he was able to and actually did work and earn substantial compensation. In view of these facts, his testimony that under stress of need he worked when not able cannot be given weight, for he is not entitled to recover on the policy unless he became totally disabled before its lapse and thereafter remained in that condition. * * * The opinions of respondent's medical witnesses that work impaired his health and tended to shorten his life had no substantial bearing upon the question whether total disability while the policy was in force continued during the subsequent years. As against the facts directly and conclusively established, this opinion evidence furnishes no basis for opposing inferences."

In the present case the plaintiff, between November, 1936, and May, 1940, worked a month and a half as a policeman, one-half day passing bills, one year (1938) as an inspector for the city water department, and thereafter as Superintendent of the Water Department of the Village of Creve Coeur. He was so employed at the time of trial. True, the plaintiff said that during that time he performed no physical labor. He also testified that his was a political job because he was a friend of the mayor and that he would lose it when there was a change of administration. There can be no doubt that the plaintiff has suffered a severe and critical illness. But there is also no doubt that he has directed the affairs of the city water department and has received successive increases in pay. This evidence does not negate his physical disability. But it does establish beyond question that he is engaged in an occupation and has performed work (service) for wage and profit, and the establishment of such facts by his own testimony disqualifies him for recovery under the policy in suit.

Some of the state cases cited by plaintiff seem to support his argument for a broad interpretation of the policy, but they are not controlling in this case.

The cases in California (where the contract was made) and in this state differ so greatly from this case in terms of contract or in facts that they afford no definite guide.

Most of the federal cases are concerned with war risk insurance. Some of them, moreover, may be distinguished from the present case in other particulars. Take, for instance, the first case cited by plaintiff, Goble v. United States, 7 Cir., 94 F.2d 275, which says: "Plaintiff's work record is long and varied and covers many capacities, but all employments were of short duration—a few days, weeks, or months. His remuneration was frequently merely a pittance."

On page 276 of 94 F.2d the court says: "What has resolved the issue in his favor is the evidence of loss of mental control, the origin of which may well be traceable to his war experience."

In the case of United States v. Godfrey, 1 Cir., 47 F.2d 126, the plaintiff "attended spasmodically to his duties."

In the case of Equitable Life Assurance Society v. Bomar, 6 Cir., 106 F.2d 640, 642, the claim was based upon the disability clause of a life insurance policy which provided that the benefits should be payable upon proof "that the insured became totally and permanently disabled." The evidence disclosed that the plaintiff had been so shattered in body and mind by an automobile accident that "he was really unfit to handle the business"; he was "very, very feeble * * * his mind wasn't active"; "he never did get back into the business". His attempt to do so failed.

These cases can be readily distinguished from the present case. And the case of United States v. Vineyard, 5 Cir., 71 F.2d 624, syl. 7, supports the holding in this case: "Mere proof that sympathy for in-

sured's condition has entered into his obtaining and retaining work does not overcome fact that with substantial continuity he has worked and made his living by working."

The court cannot analyze every case cited by the plaintiff, and it is doubtful if analysis would be profitable. In the war-risk and in occupational-insurance cases the question is, Was the plaintiff permanently disabled? If that were the question here, undoubtedly the case should be submitted to the jury. But in this case, the question is: Was the plaintiff so disabled as to prevent his engaging in any occupation and rendering service for wage or profit? And, in view of the evidence, it still seems to the court that that question was conclusively answered in the negative. There was therefore no question to submit to the jury.

■ The court does not overlook the fact that such an interpretation of the insurance contract and the law applicable may permit an insurance company in some cases to take advantage of the charity and kindness of others to escape a liability which it ought to assume. But such is its legal right. Sound business considerations, however, would be against a practice too severe. Moreover, the facts now before the court may present a hard case. But hard cases should not be permitted to make bad law.

We may give full credit to the plaintiff's testimony that his job was political and that it would end with a change of administration. Still the court cannot say that he was not engaged in an occupation at substantial pay. He has been employed regularly for more than two years and has given supervision to the water department and direction to the work of subordinates. Quoting again from the language of the Supreme Court in the Spaulding case, supra: "As against the facts directly and conclusively established" there is no need to deal in inferences. Conceding the full extent of the injury described by plaintiff's witnesses, still, as stated by the Supreme Court in the Lumbra case, supra, 290 U.S. page 559, 54 S.Ct. page 276, 78 L.Ed. 492:

"It cannot be said that injury or disease sufficient merely to prevent one from again doing some work of the kind he had been accustomed to perform constitutes the disability meant by the act, for such impairment may not lessen or affect his ability to follow other useful, and perchance more lucrative, occupations."

If such a statement applies to War Risk Insurance, it applies with greater force to a contract of insurance between private parties and with especial force to an insurance contract worded as the one in this case.

Motion for new trial overruled.