BLUMENTHAL, APPELLEE, *v.* METROPOLITAN LIFE INS. CO., APPELLANT.

(No. 863—Decided November 1, 1943.)

*Mr. John D. Andrews* and *Mr. Theodor I. Weiss,* for appellee.

*Mr. Harry S. Wonnell,* for appellant.

MATTHEWS, J. This is an action to recover upon a rider, attached to a regular life insurance policy, pro-

viding for waiver of premiums and payment of monthly benefits during total and permanent disability. The action was begun in the Municipal Court of Hamilton, and a verdict was returned in plaintiff's favor for the sum of $250 plus interest at 6 per cent, upon which verdict judgment was rendered. On appeal to the Court of Common Pleas, the judgment was affirmed, and the action is in this court on appeal from that judgment of affirmance.

The provision of the policy sued upon is in the following language:

"In consideration of the application for this contract, as contained in the application for said policy, the latter being the basis for the issuance hereof, and in consideration of ten dollars and five cents, payable annually as an additional premium herefor, such payment being simultaneous with, and under the same conditions as, the regular premium under the said policy, except as hereinafter provided, hereby agrees, that upon receipt by the company at its home office in the city of New York of due proof, on forms which will be furnished by the company, on request, that the insured has, while said policy and this supplementary contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said policy and this supplementary contract, and,

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or

is accompanied by, mental incapacity, to the beneficiary of record under said policy, a monthly income of $10 for each $1,000 of insurance, or of commuted value of instalments, if any, under said policy."

The policy also gave the insurer, notwithstanding it had accepted proof as satisfactory, the right to require further proof from time to time.

On November 22, 1935, the plaintiff prepared a "notice of total and permanent disability" on a form provided by the defendant at the top of which it was recited that "This is not a proof of claim upon which payment is to be expected but is merely notice of a claim." In this notice plaintiff recited that she became totally disabled on August 16, 1935, as a result of "iritis & tumor and cyst operation," and that she expected total disability would continue for "2 or 3 months (perhaps)."

On December 7, 1935, the attending physician signed a certificate which was filed with the defendant in which he stated it was his opinion that the plaintiff's total disability would be temporary, but that the date when she would be able to return to work was indefinite.

On December 17, 1935, another physician signed a certificate which was also filed with the defendant in which he stated that his opinion was that the plaintiff's total disability was temporary, but gave no answer to the question as to the approximate date when she would be able to resume work.

The surgeon who performed the operation certified on December 7, 1935, that, in his opinion, the plaintiff's total disability would continue "probably 10 weeks from date of this report."

There were other certificates filed by the same physicians, but they do not add to the proof.

The defendant refused to recognize any liability and on February 17, 1936, the plaintiff filed this action.

The trial did not take place until January 21, 1941. It was stipulated at the trial that the plaintiff recovered some time in March 1936, and had not been totally disabled since then, and that at the time of the trial was well and doing her customary work.

At the trial the plaintiff introduced evidence tending to show that she had been totally disabled from August 16, 1935, to March 1936, and that, viewing her condition prospectively, it might reasonably have been inferred that her total disability was incurable.

Many specific errors have been assigned as a basis for the reversal of this judgment, but in the view that we take of the principal contention, it is unnecessary to consider them. That principal contention is, that the plaintiff failed to comply with the provisions of the policy as to due proof of total and permanent disability. It will be observed that neither the plaintiff, in her notice of claim, nor any of the physicians, in the certificates which she filed as proof, stated that the total disability would be permanent. On the contrary, they all affirmatively stated the contrary. Now can that be said to be due proof of permanent disability?

Counsel rely chiefly on three Ohio cases for an affirmative answer to this question.

The first of these cases is *Equitable Life Ins. Co. of Iowa* v. *Gerwick,* 50 Ohio App., 277, 197 N. E., 923, but in that case the insured filed a proof of claim in which she asserted that she was totally and permanently disabled and this was followed by two statements by her attending physician in which he stated that her total disability would continue indefinitely, and in no wise did he imply that the disability would be temporary. This is in marked contrast to the information furnished by the plaintiff in this case in her notice of claim in which she set a limit, and a short one, to the duration of her disability, and the physicians certified directly that it would be temporary. The only circumstance

that indicated that she intended to present a claim for total permanent disability is that she asked for, received and used a blank form furnished by the defendant for use in total permanent disability cases, but as already noted the notice carried the statement that it was not to be considered as proof of claim, but that its effect was limited to a notice of claim only.

The next case relied on is *Gibbons* v. *Metropolitan Life Ins. Co.*, 62 Ohio App., 280, 23 N. E. (2d), 662, affirmed in 135 Ohio St., 481, 21 N. E. (2d), 588, but in that case the issue was not whether the insured had complied with the provisions of the policy as to the furnishing of due proof to the insurer, but rather, whether the court at the trial properly instructed the jury on the subject of total and permanent disability, as that phrase was used in the policy.

The other case relied on is *Wright* v. *Metropolitan Life Ins. Co.*, 58 Ohio App., 83, 15 N. E. (2d), 970. The court in that case expressly states that proof of claim was duly filed ''in compliance with the terms of the policy.'' Due proof was not in issue. It is thus seen that the case is irrelevant to the inquiry here.

A case more nearly analogous, but not identical, is that of *Rose* v. *New York Life Ins. Co.*, 127 Ohio St., 265, 187 N. E., 859, in which the court held that the insured could not recover because he had not filed his proof during disability, as required by the policy, and that this requirement had not been waived. In the proof. filed the insured had given a negative answer to the question whether he was wholly disabled at the time. Thereafter the insurer proceeded to investigate and it was claimed that by so doing it had waived the provision as to proof; and it was this claim that the court denied. The court then proceeded to construe the phrase, total and permanent disability, as used in that policy, in which it was expressly provided that total disability for three months raised a presumption

of permanency, and held that such presumption could be rebutted and that when the insured filed the proof for the first time and recited therein that he was not totally disabled at that time, it excluded entirely the conception of the permanency of the total disability. While much of the reasoning of that case supports the position of the defendant in the case at bar, and we believe it is dispositive of this case, still differences in the facts, which we think immaterial, can be pointed out.

In 29 American Jurisprudence, 841, Section 1120, it is said:

"For proofs to be due or satisfactory, they should be such as to make out a *prima facie* case against the insurer, but they need not be of a higher grade than would be sufficient to establish a claim on the policy in court, nor need the information furnished be that of an eye-witness; any form of information which is substantial and trustworthy enough to enable the insurer to form an intelligent estimate of its rights is sufficient."

In *Metropolitan Life Ins. Co.* v. *Wann*, 130 Tex., 400, 405, 109 S. W. (2d), 470, 115 A. L. R., 1301, the court says:

"By the terms of the policy the filing of proof showing that the insured was totally and permanently disabled was a condition precedent to recovery. When a policy contains such provision and the proof fails to establish that the insured has complied therewith no right of recovery is shown."

In 7 Couch Cyclopedia of Insurance Law, 5492, Section 1540, the law on the subject of notice and proof is stated in this language:

"The question then arises, what is 'due notice and proof?' It does not rest with the insurers alone to decide this question; rather, the provision requires such notice and proof as may appear to a court to be in ac-

cordance with the rules of evidence, and, if such notice and proof have been given, then there has been a compliance with the provision. The question, then, as to what is due proof, is to be determined by the courts according to the rules of evidence, and not by the insurers. And due proof of a claim of loss under a policy means such a statement of facts, reasonably verified, as, if established in court, would *prima facie* require payment of the claim, and does not mean some particular form of proof which the insurer arbitrarily demands; nor does the statement of one adequate fact in the proofs exclude others omitted through mistake or ignorance."

If the documents furnished the insurer in this case were submitted to a trier of facts in a judicial inquiry as proof of total and permanent disability, the decision would necessarily be that they had no reasonable tendency to so prove. If the burden rested on a plaintiff to prove total and permanent disability and that was all he offered in support of it, the court would sustain a motion for an instructed verdict and for judgment because of failure of proof. When proof is required by the terms of a policy it surely means some data having some probative value to support the conclusion of total and permanent disability. Surely it is not satisfied by data, the only tendency of which is to prove the contrary. To hold otherwise would reduce the requirement of due proof of total and permanent disability to less than mere notice of a claim of such disability.

We think this quotation from *McKinnie* v. *Metropolitan Life Ins. Co.*, 37 F. Supp., 992, 994, is pertinent here:

"To extend the coverage of an insurance contract beyond its express language is just as illegal and wrong as it would be to increase the amount or to extend the term. * * * We should not belie honest words nor attempt by legal rationalization to justify a good but misplaced sentiment."

For these reasons, the judgments of the Common Pleas Court and the Municipal Court are reversed, and, it appearing that the trial court should have sustained the defendant's motion for judgment, final judgment may be entered in this court for defendant.

*Judgment reversed.*

Ross, P. J., and Hildebrant, J., concur.